STATE v. LAWRENCE BRANTLEY AND WESTON WATKINS.

The rule "*falsum in uno falsum in omnibus*" is not a rule of law in this State; and the jury may believe all, or a part, or none, of the testimony of a witness to whose evidence that rule is applicable, as they think best.

A Judge is not bound to follow the very words used by counsel in a prayer for instructions, provided that he is substantially correct in the language which he does use.

An omission of the word "county" before the words "of Wake" is immaterial in the record of the trial below, as the Court is bound to know what are the counties of the State.

(*State* v. *Neville*, 6 Jon. 423, *Burton* v. *March*, Ib. 409, *State* v. *Smith*, 8 Jon. 132 cited and approved).

ROBBERY, tried before *Watts, J.*, at Spring Term 1869, of the Superior Court of WAKE.

The bill of indictment was found at Spring Term 1869, of the Superior Court of Franklin, and upon the affidavit of the defendants, the cause was removed to Wake. The facts sufficiently appear in the opinion.

*Sharp*, for the appellants.
*Attorney General*, contra.

RODMAN, J. The prisoners were indicted for robbery and larceny. Upon their trial one Dampier, an accomplice, was examined as a witness for the prosecution. The counsel for the defendants asked the Court to charge the jury that if they believed any witness or witnesses had wilfully sworn falsely to any material fact in the case, they were authorized to reject the whole of the evidence of such witness or witnesses. The learned Judge declined to charge as requested, but told the jury that the rule "*falsum in uno falsum in omnibus*," does not now prevail in this State: that the jury could believe a part, all or none of the testimony, and that it was a question of credit, of which they were the sole Judges. The defendants were convicted and appealed, and now assign the Judge's

refusal to charge as requested, for error. No ground is laid for the instruction asked for: it does not appear that any witness was alleged to have sworn falsely: for aught that appears, the instruction was wholly an abstract one, and not pertinent to the case. But waving this, and admitting for the present that the instruction asked for was entirely correct, both in substance and language, then the Judge did give the instruction substantially; and we are not aware of any rule requiring a Judge in instructing the jury, to use the very words of the counsel asking the instruction. If the instruction asked for be correct in law, and framed in perspicuous and intelligible language, there can be no reason why the Judge should not use the very words of counsel, as they may be supposed to have been carefully chosen: but if the Judge thinks that by altering the words without altering the sense, they can be made more intelligible or clearer to the jury, he certainly must be allowed the liberty of doing so. *State* v. *Neville*, 6 Jon. 423, *Burton* v. *March*, Ib. 409. The Judge was especially entitled to such a liberty in this case, as we think that the terms in which the instructions were asked to be given, were either incorrect or ambiguous, and might have misled the jury. The jury might have understood by it, that if they believed that a witness had wilfully sworn falsely to any material fact, they were bound to, or at least authorized to reject all the rest of his testimony, although they believed it to be true. The law is stated clearly and correctly in the instruction given by the learned Judge: *State* v. *Smith*, 8 Jon. 132; and the prisoners have no reason to complain.

The prisoners moved in this Court in arrest of judgment, because the record of the trial reads thus: And afterwards, to wit, at the term of said Court, begun and held for the of Wake &c.", omitting the word, "county." But we think we are bound officially to know that Wake is a county of the State.

There is no error in the record and the judgment is affirmed. Let this opinion be certified, &c.

PER CURIAM.                                   No error.