## MARGARET McLENNAN *vs.* R. C. CHISHOLM.

Where a Judge, in response to a prayer for special instructions, complies strictly therewith, it cannot be error. More especially, when his charge is quite as favorable, as the testimony warrants.

Whether under the words "*my plantation*," used in a will, all lands contiguous to the home place of the testator, will pass, *quere.*

*Howe* v. *Davis*, 10 Iredell, 431. *Bradshaw* v. *Ellis*, 2 Dev. & Bat. 20, cited and commented on.

This was an action of ejectment tried before His Honor, Judge Buxton, at Fall Term 1871, of Montgomery Court.

The question in the Court below was, whether a tract of land known as the McLeod tract, of 100 acres, passed to the plaintiff under the words "my plantation" contained in the first clause of her husband's will.

Testimony was introduced by the plaintiff to show that the land in controversy, adjoined the lands on which the testator lived or was contiguous thereto. Testimony tending to prove the contrary was introduced by the defendant. His Honor charged the jury, that if the home tract of the testator was contiguous to the Martin tract, then the whole of the Martin land, including the Alexander McLeod 100 acres, passed to the plaintiff, for life &c., and he added, being thereto requested, that if the testator *claimed*, that all his lands were contiguous, whether they were so or not, the whole would pass to the plaintiff, under the will of the testator.

There was a verdict for the defendant.

Rule for new trial for alledged error in the charge of the Court. Rule discharged. Appeal to the Supreme Court.

*Neil McKay*, for plaintiff.
*Battle & Sons*, for defendant.

BOYDEN, J. The only question made in this case, is, as to the charge of His Honor.

MARGARET McLENNAN *v.* R. C. CHISHOLM.

His Honor instructed the jury, that if the Alexander Mc-Leod tract of land, being the land in dispute either adjoined the plantation of the testator, or lay contiguous thereto, the plaintiff was entitled to recover. In this charge, we think that if there was any error, it was certainly not to the prejudice of the plaintiff.

It will be remembered, that there was no evidence, offered on the part of the plaintiff, that the tract of land in controversy had been used by the testator as a part of his plantation. But the plaintiff attempted to show that it adjoined the plantation, or that it lay contiguous thereto; and His Honor instructed the jury that if it adjoined the plantation or lay contiguous thereto, then the plaintiff was entitled to recover.

This was quite as favorable a charge as the plaintiff was entitled to, upon the testimony; as the Court does not hold, that it would certainly follow, that if it adjoined or lay contiguous, it would pass to the devisee under the words "my plantation." It might not, as it by no means follows, that by the term "my plantation," all the adjoining and contiguous lands pass.

The true enquiry was, did the particular tract of land, which lay a mile and a quarter from the residence of the testator, across Mountain Creek, where there was a blacksmith shop, occupied only as such, constitute it, a part of the plantation. It might have been, so considered and so used by the testator, but there is no proof in the cause, that the tract in controversy was and is a part of the plantation, or that it was considered as a part thereof by the testator; but the plaintiff seems to have put her case solely upon the ground that the tract in dispute either adjoined or lay contiguous to the plantation; but the jury have found that the land neither adjoined, nor was contiguous.

It is true, that in the case of *Howe* v. *Davis* 10 *Ire.* 431, it was settled that as the devisor actually cultivated two tracts, one of which he called his home place, and the

other the Brown place, yet as he cultivated both tracts as one farm, they passed under the designation of his plantation, and in the case of *Bradshaw* v. *Ellis*, 2 *Dev. and Bat. Eq.* 20, the Court held that "my plantation," carried two tracts which were half a mile apart, when both tracts had been cultivated together by the testator as one farm.

In our case, there was no proof that the tract in dispute, had ever been cultivated as a part of the plantation of the devisor.

THERE IS NO ERROR.  Let this be certified.