STATE v. N. P. OVERTON.

The declarations of a party deceased, made in the presence of the defendant, are competent evidence against him upon the trial of an indictment for murder.

It is a matter of sound discretion to be left to the jury, what portion of the statement made by one charged with murder, after the commission of the alleged offence, and offered in evidence by the State, may be considered, and what not.

INDICTMENT for *Murder*, tried before MOORE, J., at Fall Term, 1875, of BEAUFORT Superior Court.

The bill was found in Edgecombe Superior Court and the cause was thence removed to Beaufort County.

Upon the trial the State offered in evidence the declarations of Nathan Grimes, the deceased, made in the presence of the defendant. The counsel for the defendant objected. The declarations offered in evidence were made on the morning of November 1st, 1874. It was in evidence that on October 31st, 1874, the defendant with other neighbors were present in the house in which the deceased had been found wounded on that morning. That he left towards night,

and was followed, arrested and brought back to said house. Defendant was kept under guard from that time until he was committed to jail. Bennett Carlisle, a witness for the State, testified: On the morning of November 1st, 1874, about 9 o'clock, I was guarding the prisoners, Overton and Taylor. I had been verbally deputised to guard them by George W. Howard, a Justice of the Peace. We were in the same room with the deceased and about six or eight feet distant from him. The witness was proceeding to state a conversation which took place then and there, when counsel for the prisoners objected. The Court overruled the objection and the witness continued: Deceased said, " Perry Overton tried to kill me. He struck me with an axe three times." Overton then said, " I would be willing to bear it if I thought he was conscious." This occurred prior to the examination before the magistrate.

The State also offered in evidence statements of the defendant Overton made while in jail. He stated in substance, that on the night of the murder he went to the store where deceased was wounded, to see him. When he reached the store he found the door open, and upon entering saw the defendant, Noah Taylor, standing at the money drawer. He asked him how much money was in the drawer. Taylor replied, " Not a damned cent." He then heard a groan, and going to the place whence it proceeded, he saw the deceased lying on the floor behind the counter. Deceased raised his right hand and asked him to save him. He proposed to go for a doctor, when Taylor seized an axe and told him he would kill him if he went for a doctor, or even told anybody what he had seen. He came out of the store and Taylor came out after him, locked the door and they left the store.

These statements were made to parties to whom Overton had written, requesting them to go to see him as he had something of great importance to communicate.

Counsel for the defendant asked the Court to charge the jury: That as the State has introduced the confessions of the prisoner, the jury must (the confessions not being contradicted in any particular) take them as an entirety, and are not justified in arbitrarily receiving part and rejecting part.

His Honor declined the instruction and charged the jury: That it was for them to say what portions of the prisoner's own statements they would receive and what they would reject in their sound discretion, having regard to all the evidence in the case. The defendant excepted.

There was a verdict of "guilty," whereupon the defendant moved for a new trial. The motion was overruled, judgment pronounced and the prisoner appealed.

*Attorney General Hargrove, Howard & Perry* and *W. H. Johnson,* for the State.

*J. L. Bridgers, Jr.,* and *D. M. Carter,* for the prisoner.

PEARSON, C. J.   We have examined the record and see no error.   We have considered the two points made in the statement of the case as grounds for a *venire de novo* and are satisfied that neither of them is tenable.   In fact both of them are so plain as not to admit of discussion.

This will be certified, to the end that judgment may be pronounced agreeable to law.

PER CURIAM.                         Judgment affirmed.