## STATE v. REUBEN HARDEE.

*Evidence—Judge's Charge—Confessions, what Inducements will
Exclude.*

1. An omission to give a particular charge, not asked in the court below,
cannot be noticed as an exception in this court.

2. It is not error to refuse to charge that confessions are to be received
with caution. The judge may so charge or not, in the exercise of
a wise discretion, to be guided by the circumstances of each particular
case.

3. It is settled in this state that the confessions of a prisoner or the tes_
timony of an accomplice, though without corroboration in material
particulars, if believed by the jury, is sufficient to warrant conviction,
and the propriety of giving a caution to the jury to prevent an im-
proper confidence in its truth must be left to the discretion of the
presiding judge.

4. The inducement which will exclude a confession must have some ref-
erence to the defendant's escape from the criminal charge to which
that confession relates. The promise of some collateral advantage,
entirely disconnected from the charge, will have no such effect.

(*State* v. *O'Neal*, 7 Ired., 251; *Moses*, 2 Dev., 452; *Patrick*, 3 Jones, 443;
*Graham*, 68 N. C., 247; *Overton*, 75 N. C., 200; *Nash*, 8 Ired., 35; *Nat*,
6 Jones, 114; *Wiseman* v. *Cornish*, 8 Jones, 218; *State* v. *Hardin*, 2
Dev. & Bat, 407; *Williams*, 2 Jones, 257; *Noblett*, *Ib.*, 418; *Smith*, 8
Jones, 132; *Brantley*, 63 N. C., 518; *Storkey*, 63 N. C., 7; *Davis*, 80 N.
C., 384, cited and approved.)

INDICTMENT for burning a gin-house, &c., tried at Spring Term, 1880, of PITT Superior Court, before *Avery, J.*

Verdict of guilty, judgment, appeal by the defendant.

*Attorney-General,* for the State.

*Mr. W. B. Rodman,* for defendant.

SMITH, C. J.   The defendant is charged in two counts of the indictment, first, with maliciously and unlawfully setting fire to and burning the *gin-house* of J. J. Laughinghouse, with intent to injure and defraud him, and secondly, with the like burning of his granary, and was upon trial found guilty.

During the examination of the witnesses, whose testimony is set out in detail, one Laura Slade for the state testified to a conversation between the defendant and herself, in which she promised the defendant to marry him if he would tell about the burning of the gin-house, and defendant said that himself and one Gray Artis burned Mr. Laughinghouse's gin-house and barn, and that after the confession she refused to have him.   The confession was sought and obtained in consequence of an offer of Bryan Grimes to pay her fifty dollars if she would get out of the defendant that he burned the buildings, as he had suspected was the fact.   No objection was offered to the admission of the confession.

The state also proved that at the examination before the justice and before it began, the defendant, seeing Laura coming up and being told who it was, hung his head and said, " Lord, that girl is coming here against me." The witness stated that no inducement of hope or fear was held out to the defendant and that his confession was voluntary. This evidence was objected to and admitted, and defendant excepted.   There was much other evidence offered, which the state insisted was corroborative of the truth of the confession, and the defendant's counsel in argument relied on

as discrediting the source from which proof of the confession came, but it is not necessary in our view of the case to be set out.

No instructions of the court were asked for the defendant and no objection taken to the charge, except that the court omitted to say to the jury, " that evidence of the character of that given by Laura Slade should be received with caution, and would not justify a conviction in the absence of testimony tending to corroborate it in some material particular."

After verdict a new trial was moved, first, for that the court did not give the instruction in reference to the credit due the testimony of Laura Slade, and secondly, that the verdict was clearly against the weight of the evidence.

It has been too often and uniformly held by this court to need repetition or reference, that an omission to charge, not asked in the court below, cannot be noticed as an exception in this court. The instruction, the omission to give which is assigned as error, was not requested, nor, except in the argument as to its credit addressed to the jury, called to the attention of the court. *State* v. *O'Neal,* 7 Ired., 251.

It is the duty of the court to state in a plain and correct manner the evidence in the case, and to declare and explain the law arising thereon, but he invades the province of the jury when he expresses an opinion as to the weight of the evidence. He must decide if there be evidence reasonably sufficient to warrant conviction, but the jury alone the effect to which it is entitled. C. C. P., § 237. *State* v. *Moses,* 2 Dev., 452.

While it may have been eminently proper for the court to comment in general terms upon the value of confessions and of the testimony of accomplices, as urged in the defendant's argument, we must suppose these considerations were by him pressed upon the attention of the jury, and the force of the argument left undisturbed upon their minds, to

whom their consideration properly belongs; and it cannot be assigned for error that they were not rehearsed by the court, and did not control the verdict. It is not error to refuse to charge that confessions are to be received with caution, and still less so when the court is not asked to give the instruction. State v. Patrick, 3 Jones, 443.

The jury alone must judge of the sufficiency of con= fessions as proving the fact confessed, and to them alone is committed that responsibility. State v. Graham, 68 N. C., 247; State v. Overton, 75 N. C., 200.

And so it is held that the failure of the court to tell the jury that evidence from near relations, or fellow servants, when testifying for one another, was by law regarded with suspicion was not error, nor would it have been so to charge, though it would not be improper in his comments to call attention to the fact. State v. Nash, 8 Ired., 35; State v. Nat, 6 Jones, 114; Wiseman v. Cornish, 8 Jones, 218.

It is settled in this state that the confession of a prisoner, or the testimony of an accomplice, though without corrobo- ration in material particulars, if believed by the jury, is sufficient to warrant conviction; and the propriety of giv= ing a caution to the jury to prevent an improper confidence in its truth, must be left to the discretion of the judge. State v. Hardin, 2 Dev. & Bat., 407.

Even the clear perjury of a witness committed on the trial does not authorize the court to direct the jury to dis- card the testimony, but it goes to his credit only. State v. Williams, 2 Jones, 257; State v. Noblett, Ibid., 418; State v. Smith, 8 Jones, 132; State v. Brantley, 63 N. C., 518.

Nor will the court look into the evidence to ascertain if the verdict was rendered upon testimony which ought not to have convicted. State v. Storkey, 63 N. C., 7; State v. Da= vis, 80 N. C., 384.

We are not disposed, as in the argument of defendant's counsel we are urged to do, to disturb the law long settled

and to obliterate the line so often traced, which separates the respective functions of the judge and the jury, and still less to overstep the bounds which limit our own jurisdiction in appeals generally to a revision of the rulings of the court below upon questions of law. There is no objection to the charge of the court which we can uphold without passing the barriers of our own jurisdiction.

It must be left largely to the good sense and discretion of the judge who tries a cause to so comment upon the evidence and so regulate the proceedings as to aid the jury in exercising their undoubted and exclusive prerogative of determining the facts, and the sufficiency of the evidence offered to establish them. Such seems to have been the course pursued in the present case, and no just animadversion can be made upon the manner in which the trial was conducted and the case presented to the jury.

While no opposition was made to the admission of the confession of the defendant to the witness Laura Slade, and it is found that his exclamation on seeing her coming up to attend the preliminary examination before the justice was voluntary, as the question may often occur in practice, it is not improper to notice and dispose of it. We do so by quoting, and giving our assent to what is said by Mr. Taylor in his valuable treatise :

" Passing now," says the author, " to the nature of the inducement, it may be laid down as a general rule that in order to exclude a confession, the inducement, whether it assume the shape of a promise, a threat, or a mere advice, must have some reference to the prisoner's escape from the criminal charge against him. So a promise of some merely collateral benefit or boon, as for instance a promise to give the prisoner some spirits or to strike off his handcuffs or to let him see his wife, will not be deemed such an inducement as will authorize the rejection of a confession made in consequence." 1 Taylor Ev., § 803.

That a collateral inducement, having no relation to the offence, is an insufficient reason for rejecting a confession given in response, is concurred in by other elementary writers and sustained by adjudicated cases. 1 Arch. Cr. Pl., 127; 1 Whar. Cr. Law, § 686; 1 Greenl. Ev., § 229; *State* v. *Wentworth,* 37 N. H., 196; *Commonwealth* v. *Howe,* 2 Allen, (Mass.) 158.

We find no error and judgment must be rendered on the verdict, and it is so ordered. This will be certified.

PER CURIAM.                                    No error.