W.` K. WILCOXON v. JOHN F. LOGAN.

*Negotiable Instruments.*

1. A note valid in its origin is not affected by the illegality which vitiates a contract made in reference to it.

2. The assignee of a note not made payable to order or bearer, but to the payee alone, can maintain an action upon it; and so can the owner when there is no written assignment.

3. The taking up the note of another by a stranger to it may be as a purchase or as a payment, and whether it is the one or the other must depend upon the facts of the transaction as given in evidence.

(*State* v. *Efler* 85 N. C., 585; *Abrams* v. *Cureton,* 74 N. C., 523; *Ray* v. *Lipscomb,* 3 Jones, 185; *State* v. *Brantley,* 63 N. C., 518; *State* v. *Scott,* 64 N. C., 586; *McLennan* v. *Chisholm,* 66 N. C., 100, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1883, of ASHE Superior Court, before *Gudger, J.*

Verdict and judgment for plaintiff. Appeal by defendant.

*Mr. J. W. Todd,* for plaintiff.
*Mr. D. G. Fowle,* for defendant.

SMITH, C. J.   This action commenced on the 17th day of July, 1882, in the court of a justice of the peace and after an adverse trial removed by the defendant's appeal to the superior court, is founded on a note under seal executed on April 19th, 1877, by him to J. M. Grimsley, who, as is alleged in the complaint, sold and delivered it to the plaintiff.

In his answer the defendant denies that the note was transferred, as a subsisting security, and says that it was paid and discharged by the plaintiff and so delivered to

29

him ; relies upon the statute of limitations as a bar to the recovery ; and sets up a counter-claim of larger amount consisting in a judgment recovered by one Black against the plaintiff and one Parsons, and assigned to himself.

We do not see the pertinency of the evidence offered upon the issue as to the statute, although it is stated that much was introduced, since the bar can only arise after ten years, and but little more than three years had elapsed after the making the note before bringing the suit, and hence this defence could not be aided by evidence. THE CODE, § 152, par. 2.

It was in proof upon the trial before the jury that Grimsley held a note against the plaintiff for about the sum of one hundred and seventy-five dollars, which he transferred to the defendant for a consideration partly received in money and for the residue of which the latter gave the bond now in suit and claimed by the plaintiff as his property.

An agreement, denominated a compromise, entered into between the plaintiff, the defendant and several other persons, undertaking to adjust controversies among them and to dispose of both criminal and civil suits, was exhibited in evidence, one of the clauses contained therein being as follows :

" The said John F. Logan releases and discharges W. K. Wilcoxon from all liability to him on account of the judgment for one hundred and seventy-five dollars, or thereabouts, lately taken against the said Wilcoxon in Watauga county, and the said W. K. Wilcoxon agrees to pay J. M. Grimsley the amount due from the said John F. Logan to the said Grimsley on account of the note on which this judgment was taken "—the parties thus interchangeably undertaking, each, to pay and discharge the obligation resting upon the other under the notes described.

Thereupon the plaintiff went to Grimsley and took up the note of the defendant, paying him therefor.

Subsequently, at the defendant's instance, the compromise contract was set aside by the court, that is, as we interpret the words, declared and adjudged to be illegal and void as against public policy, in some judicial proceeding in which its validity was called in question. Subsequent to this ruling the defendant, instead of causing satisfaction to be entered upon the judgment against the plaintiff, as it was stipulated should be done, proceeded to collect its amount from the plaintiff.

It further appears from the defendant's testimony that in payment of a debt of his own, he assigned the judgment recovered by Black against the plaintiff and Parsons to one Carrier, and with the latter's consent brought an action thereon against the plaintiff which terminated in a voluntary nonsuit. Afterwards, the defendant paid Carrier the amount of the judgment and it was restored to him.

The portion of the defendant's testimony in reference to the assignment, elicited upon the cross-examination without objection to its competency, the defendant's counsel asked the court to withdraw from the consideration of the jury, on the ground that it was secondary and inadmissible, which request was refused, and to this ruling the defendant excepts.

In reference to this exception we have only to say that if the objection taken in apt time has any force, the withdrawal of it, after it had been received and heard, was a matter resting in the sound discretion of the court, the exercise of which cannot be reviewed on appeal. This is decided in *State* v. *Efler*, 85 N. C., 585.

The instructions asked by the defendant in substance are :

1. The note in suit being taken up and and paid in pursuance of an illegal contract cannot be recovered on.

2. The note not being payable to order or bearer, but to Grimsley alone, is not negotiable, and the action cannot be maintained thereon in the plaintiff's name.

3. If the jury accept as true the evidence in regard to the assignment to Carrier and his re-assignment to the defendant, the property in the judgment revested in the defendant and constitutes a good counter-claim.

The court declined to give the first two instructions or the third in very words, but as to the subject matter thereof charged, that if, after the assignment of the judgment to Carrier, assuming it to have been so assigned, the defendant paid Carrier the debt which it represented and took it up, it became his (the defendant's) property and he could set it up as a counter-claim.

I. The first instruction was properly denied, for the note being valid in its origin was not infected with the illegality which vitiates the contract in reference to it. Indeed the nullity of the contract leaves it wholly unaffected and as effectual in the hands of the plaintiff as it was in the hands of the payee, Grimsley.

II. In reference to the denial of the second instruction requested, it is only necessary to refer to the enactment found in section 41, chapter 6, of THE CODE, which has long been in force, and the numerous adjudications appended thereto. Besides, if the note was a non-negotiable security under the former law, the action on it can be maintained by one to whom the money when paid belongs, and not by a former owner who has parted with his interest. THE CODE, § 177; *Abrams* v. *Cureton*, 74 N. C., 523, and other cases cited under that section.

III. The instruction delivered in place of the third in the series is more in conformity with the testimony, and while in substance the same, is equally favorable to the defendant and furnishes no ground of complaint to him. *Ray* v. *Lips-*

WILCOXON *v.* LOGAN.

*comb*, 3 Jones, 185; *State* v. *Brantley*, 63 N. C., 518; *State* v. *Scott*, 64 N. C., 586; *McLennan* v. *Chisholm*, 66 N. C., 100.

The verdict being rendered against the counter-claim and for the residue due on the note in suit, upon what grounds we are not advised, unless it be based upon a disbelief of the defendant's testimony as to the re-assignment of the judgment which he had disposed of in discharge of his indebtedness to Carrier, we discover no reasons, based upon the rulings of the court, which alone are reviewable, for the award of a *venire de novo*.

It may have been intended by the appellant to raise the question whether the plaintiff's act in taking up the note was not intended to be and in law was a payment and not a transfer, so that no action would thereafter lie upon it as such. If so, it is not presented in the record.

Moreover, the note was delivered uncancelled to the plaintiff and he swears it was not paid. The circumstances connected with the compromise may have tended to contradict his testimony, but no issue of the kind, as far as the record discloses, was submitted to the jury. It is consistent with all the evidence that the plaintiff advanced his money for the note and took it to be surrendered to the defendant upon the defendant's compliance with his agreement to discharge the judgment for $175, and that he retained the security unimpaired when the defendant coerced from him payment of that judgment. However, it is sufficient to say the point is not before us, and we see no errors in the rulings which the record brings up for an appellate revision.

The judgment must be affirmed at the cost of the appellant.

No error.                          Affirmed.