M. A. MOORE v. D. L. PARKER and others.

*Negligence—Damages—Judge's Charge.*

1. Where plaintiff shows damage from defendant's act, which act
   with the exertion of proper care does not ordinarily produce dam-
   age, he makes out a *prima facie* case of negligence; and proof
   of care, on the part of the defendant, or of some extraordinary
   accident which renders care useless, is required to rebut the pre-
   sumption.

2. In an action for damages, in which the defendant tenant of
   plaintiff is charged with negligence in burning the plaintiff's
   house, the fire being communicated by a stove-pipe passing through
   the weather-boarding; *Held* that the plaintiff's knowledge that

the pipe was thus placed in the building, does not relieve the defendant from showing proper care in the use of the stove on the particular occasion.

3. The court intimate that running the pipe through the wall without separating it from the wood by some non-combustible substance, is itself an act of negligence.

4. The defendants' instructions in reference to ordinary care were given in substance, though not in the very words of the prayer; and the question of law erroneously submitted to the jury being correctly decided, the verdict cures the error. ·

(*Aycock* v. *Railroad*, 89 N. C., 321; *Buie* v. *Buie*, 2 Ired., 87; *McLennan* v. *Chisholm*, 66 N. C., 100; *State* v. *Scott*, 64 N. C., 586; *State* v. *Hargett*, 65 N. C., 669; *Reynolds* v. *Magness*, 2 Ired., 26; *Glenn* v. *Railroad*, 63 N. C., 510; *Ray* v. *Lipscomb*, 3 Jones, 185; *Hobbs* v. *Outlaw*, 6 Jones, 174, cited and approved.)

CIVIL ACTION, tried at August Special Term, 1884, of UNION Superior Court, before *MacRae, J.*

In this action the plaintiff seeks to recover compensation in damages for the destruction by fire of two houses belonging to him, and in the occupation of the defendants under a contract of lease, communicated by a stove-pipe passing through the wall and weather-boarding; and negligence is imputed in the manner of putting up the stove and passing the smoke-pipe through inflammable materials, and in the excessive fire made on the occasion.

The defendants allege that the stove and smoke-pipe were thus fixed with the full knowledge and assent of the plaintiff, and that the fire thus communicated was the result of his contributory negligence, and they are not liable therefor.

There was conflicting evidence on the question whether this arrangement for heating the room and placing the stove and pipe in position was with or without the knowledge and concurrence of the plaintiff.

The defendants asked for instructions to the jury, which were neither given in the very words nor refused, as follows:

1. Negligence is not to be inferred from the fact of injury, but the burden of proof of negligence in this case rests upon the plaintiff.

2. If the jury believe from the evidence that the plaintiff knew when the stove and pipe were placed in his building, and consented that the defendants' clerk (Moyle) should run the pipe through the ceiling and weather-boarding, as stated by defendants' agent, then he contributed to the negligence; his conduct was instrumental in bringing about the loss, and he cannot recover in this action.

3. That the defendants were held only to ordinary diligence and care, such as a man would have taken of his own property, and if the jury believed they exercised such diligence and care, then plaintiff is not entitled to recover.

4. That if the jury believe that if the conduct of the plaintiff contributed to the loss, the plaintiff must repel the presumption.

5. Negligence must be the proximate cause of injury complained of, and proximate cause means a cause from which a man of ordinary experience and sagacity could foresee that the result might probably ensue.

6. If the defect in the pipe was not obvious, and was not in fact known to defendants, (which in this case is to be presumed) defendants were not bound to use more care than the external appearance of the pipe seemed to demand.

7. If the jury believe that the stove and pipe were put up in the usual manner obtaining in the neighborhood, and the work was faithfully done, the defendants are not liable in this action, though the fire broke out between ceiling and weather-boarding, and destroyed the plaintiff's property.

The judge charged the jury as follows: "There are a good many admissions, and the case is brought down almost to one issue. There is no question about the defendants being the tenants of plaintiff, occupying the house, and that Moyle was their agent occupying the house; and it is also

admitted that the house was burned. The plaintiff charges that the accident was caused by defendants' negligence or carelessness. The defendants deny this, and they also deny that they occupied but one of the houses on the premises, and say that plaintiff permitted the stove to be put up, saw its condition and made no objection. Upon the facts admitted, the question for the jury is whether defendants or their agent so negligently or carelessly put up and used the stove and pipe as to cause the house to be set on fire and burn." After recapitulating the testimony at this point (not necessary to be set out) the judge proceeded:

" It is the duty of one who rents a house of another to exercise ordinary care in the use of the property, and this means such care as a prudent man uses towards his own property.

If the defendants so cared for this property and the fire was not caused by their carelessness or that of their agent, but was the result of an accident which could not have been reasonably foreseen and guarded against, you will find all issues in favor of defendants. But if they or their agent did not use ordinary care, the care which a prudent man would ordinarily take of his own property, and by reason of such want of care, the house was consumed, they would be liable for the damages which plaintiff sustained by reason of such burning.

The case would extend to the manner in which the stove was erected and the stove-pipe was placed, as well as to the quantity of fire which was kept in the stove.

If the plaintiff permitted the stove to be put up where it was, and the hole to be cut in the ceiling and weather-boarding, and made no objection to the manner in which it was done; or if he saw it, and expressed himself satisfied with it, the defendants would not be held to as strict an accountability as they would if he had objected to it and warned them against it—they would be relieved from the

imputation of carelessness in putting up the stove-pipe, but still they would be required to take prudent care in the use of the stove to prevent loss by fire.

If he did not consent to its being put up as it was—did they put it up in an ordinarily careful manner to avoid danger by fire: not that they put it up as stoves were usually put up in that neighborhood, but did they put it up as a prudent man would ordinarily have done with his own property, and if they did not, was this the cause of the burning? If it was, they are liable in damages, and you will find all issues in favor of plaintiff, and assess his damages at what you think was a fair value for the house, and if you believe that the smaller house was burned from the same cause, you will also add a fair value of it.

The plaintiff must prove his case, and if in this case the defendants rely upon contributory negligence on the part of the plaintiff, they must satisfy you of such acquiescence or other conduct on the part of the plaintiff as amounted to his giving his consent to its being put up as it was."

To the charge as given, as well as to the refusal of the judge to give the special instructions asked, the defendants excepted. The jury returned a verdict in favor of plaintiff, and from the judgment thereon the defendants appealed.

Messrs. *Covington & Adams,* for plaintiff.

Messrs. *Payne & Vann, Strong & Smedes* and *J. D. Pemberton,* for defendants.

SMITH, C. J. The defendants' first instruction was properly refused in the broad and unqualified terms used, and in its application to the testimony in the present case.

We adhere to the rule laid down in the recent case of *Aycock* v. *Railroad,* 89 N. C., 321, and enunciated in these words, originally proceeding from the pen of Judge GASTON: " When he (the plaintiff) shows damages from their (the de-

fendants) act which act, with the exertion of proper care does not ordinarily produce damage, he makes out a *prima facie* case of negligence, which cannot be repelled but by proof of care or of some extraordinary accident which renders care useless."

It was not contested but that the disposition of the stove and the smoke-pipe was the act of the defendants, and that the house was set on fire where the pipe passed through the wall; and in this condition the stove was used for some time, in heating, without communicating fire to the building; so that the previous care and attention of the defendants had prevented any mischief. It devolved upon them, therefore, to explain, with the means possessed by them of doing so, how on this special occasion the fire was communicated, and to repel the inference of a want of that care and vigilance which had hitherto repressed its outbreak, and prevented damage. This duty obviously, under the circumstances, rested upon those who were using this method of warming the room (and must be supposed to know) to show why what had not happened before did happen on this particular occasion, and thereby remove the imputation of negligence.

Indeed, we are not prepared to say that the court would have erred in telling the jury that running the pipe through the wall without separating it from the wood by means of some non-combustible substance intervening, was itself an act of negligence, because of the hazard it entailed; and certainly, it was not error to decline to give the instruction requested.

2. The second instruction was given, and the jury were told that if the plaintiff permitted the stove to be thus placed, or saw how it was and expressed himself satisfied, *then the defendants would be relieved from the imputation of carelessness in adjusting the pipe in its place,* but they would still be required to take prudent care in the use of the stove.

The next three instructions, the subject of exception, embracing all but the last, which has been properly abandoned as untenable, were substantially given, and the giving them cannot be a ground of complaint on the part of the appellants.

A party cannot except for error(in the words of GASTON, J., delivering the opinion in *Buie* v. *Buie*, 2 Ired., 87), to an instruction which he hath himself prayed.

The same proposition has been reiterated in subsequent adjudications. *McLennan* v. *Chisholm*, 66 N. C., 100.

So a charge substantially such as asked, though not in very words, is sufficient. *State* v. *Scott*, 64 N. C., 586; *State* v. *Hargett*, 65 N. C., 669.

In like manner, when a question of law is erroneously submitted to the jury, and the verdict is such as it would have been if declared by the court in the charge, the error is corrected, and the cause of complaint taken away. *Reynolds* v. *Magness*, 2 Ired., 26: *Glenn* v. *Railroad*, 63 N. C., 510; *Terry* v. *Railroad*, *ante* 236.

If the error assigned presented the appellant's case in as favorable a light to the jury as if the law had been declared, they cannot, on this ground, have a new trial. *Ray* v. *Lipscomb*, 3 Jones, 185; *Hobbs* v. *Outlaw*, 6 Jones, 174.

Applying the facts as presented in the testimony, aside from so much as relates to the alleged contributory negligence of the plaintiff, which is conflicting, it is plain that in laying down the rule to guide the jury in passing upon the question of negligence, instead of telling them whether upon certain facts to be found by them there was or was not negligence, the jury were left free to exculpate the defendants, and in this respect, the charge was more favorable to them than if the law had been positively declared by the court. While it was the duty of the jury to accept the judge's exposition of the law, they were left unembarrassed and at liberty to find it for the defendants.

The law as declared, is, we think, open to no objection from the defendants, and the jury seemed to have arrived at their conclusion just as if they had received positive instructions upon the point. The court ought to have expounded the law just as the jury have understood and acted upon it, and there surely has no harm come to the defendants in consequence.

There is no error, and the judgment must be affirmed.

No error.                                    Affirmed.