ELIZA R. DEPRIEST v. JAMES L. PATTERSON, Executor.

### *Exceptions to Report of Referee—Scale.*

1. Where, in this Court, a reference is made to the Clerk to state an account, an exception will not be heard upon a motion to confirm the report, which was not taken in the Court below, nor on the first hearing in this Court.

2. Although such exception cannot be taken, yet if the Court can see from the report, that it acted under a misapprehension of the facts in the first hearing, it will *ex mero motu* modify its ruling, when it is plain that it will work great injustice.

3. Where a fund was paid to an administrator in Confederate money, out of which fund he makes payments to the distributees ; *It was held,* that it would be unjust to apply the scale to the amount received by the administrator, but not to apply it to payments made out of the very fund to the distributees.

(*White* v *Clark*, 82 N. C., 6; *Williams* v. *Kivett, Ibid.*, 110; *State* v. *Hinson, Ibid.*, 597; *State* v. *Hardee*, 83 N. C., 619, cited and approved).

CAUSE RETAINED in this Court, heard upon exceptions to the report of the Clerk, at February Term, 1886, of the SUPREME COURT.

The case is reported in 92 N. C., 399 and 402, to which reference is made for the facts.

*Mr. D. M. Furches*, for the plaintiff.
*Mr. B. F. Long*, for the defendant.

SMITH, C. J.   It is obvious from inspection of the reformed account which is reported by the Clerk, that through inadvertence or otherwise, the item of $370 with accrued interest, the subject of the defendant's first and material exception, has been misplaced in being entered as a credit to the executor in the general administration account, instead of in the personal account with the *feme* plaintiff.   The exception in this respect is well taken, and must be sustained.   This will render other corrections dependent on the transfer from one to the other account necessary, and we find them made in the body, and as part of the exception, showing the aggregate indebtedness of the defendant to the plaintiff.   The Clerk reports the accounts in the two-fold aspect of scaling and not scaling the $500 paid the plaintiff in 1864, and accumulated interest; to the one mode of stating which, the plaintiffs except, and to the other the defendant excepts.   We cannot entertain the plaintiffs' exception, for the reason it was not taken in the Court below, nor suggested here at the original hearing of the appeal.   The practice in this regard is fully established upon repeated adjudications.   *White* v. *Clarke*, 82 N. C., 6; *Williams* v. *Kivett*, Ibid, 110; *State* v. *Hinson*, Ibid, 597; *State* v. *Hardee*, 83 N. C., 619, and numerous other cases.   While we must observe the rule, in refusing to recognize the plaintiffs' right to make the exception, we feel at

liberty, when our attention is called to the unjust and injurious consequences of our ruling, upon other portions of the account, if left undisturbed, so to readjust our ruling upon the account, as to make it just, fair and reasonable. The $500 advancement was made the next year after the time when the Confederate funds, derived from the charge for the Beggarly notes, are charged to the defendant. It must be assumed that the payment to the plaintiff was made out of these funds, and it would be manifestly wrong to *scale them*, including what was paid the plaintiff, in the defendant's favor, and give him full credit for the sum so paid, unreduced by the application of the scale. This would be to put the difference in the defendant's pocket, without equivalent or consideration for so doing. When the executor stood charged in the general account, with the face value of the Beggarly securities, there was no ground for the plaintiff to complain, if the advancement to her, if chargeable at all, should be entered also for the full amount. The scaling of the one, renders the scaling of the other necessary, and such is their interdependence, that the Court must, in justice, adjust the one to the other, and this to give the intended effect of their ruling, that the Beggarly fund must be reduced by applying the scale. The interest upon the advancement, of course stands upon the same footing as the principal money. The same scale by which the Beggarly fund is reduced, must be applied to the sum advanced in the same currency, with interest, and not as of the date when it was received. This is an equitable adjustment of the matter, and a necessary consequence of our former ruling, in regard to the charge against the defendant.

The other exceptions not disposed of in what we have said, are overruled, and upon the reformation of the account, there may be judgment entered up according to the result, as it may be ascertained by the Clerk. The former Clerk is allowed $20.00 for his report.

Re-committed.