W. J. GRANDIN v. W. A. TRIPLETT.
AND
THE GRANDIN LUMBER COMPANY v. W. A. TRIPLETT.
(CONSOLIDATED CAUSES).

(Filed 23 May, 1917.)

**Deeds and Conveyances—Evidence—Fraud—Declarations—Hearsay.**

> Where adverse possession of a party claiming lands under a deed to his father and from his father to himself, as color of title, has been sufficiently established, declarations of the deceased father, made long subsequent to the time the son had entered into possession under his deed, that he had not signed the deed, is incompetent as hearsay.

CIVIL ACTION of trespass, involving also the issue of title, tried before *Lane, J.,* and a jury, at Fall Term, 1916, of WATAUGA.

The two actions, presenting and dependent, practically, upon the same facts and conditions, the lands being contiguous and same map being used as to location, etc., were consolidated below and tried together by consent of parties. There was verdict for defendant, and plaintiffs excepted and appealed.

(509)    *Edmund Jones, W. C. Newland, and E. S. Coffey for plaintiff. M. N. Harshaw for defendant.*

(510)    *Edmund Jones, W. C. Newland and E. S. Coffey for plaintiff. F. A. Linney and Cansler & Cansler for defendant.*

PER CURIAM. We have carefully examined the record, and find no reversible error in the trial and disposition of these cases.

The plaintiff company exhibited a proper paper title by grant from the State and mesne conveyances, the former bearing date in 1882, and the individual, also, his grant bearing date in 1872.

Defendant relied upon adverse possession maintained by his father, William Triplett, Sr., and after by himself for the required period, and, in support of such claim, introduced and relied in part upon a deed purporting to have been made by his father to himself, and occupation thereunder.

Plaintiffs contended that this deed was forged, and in support of this position offered to show by LeRoy Triplett and Ida Triplett that a short time before his death the father, William Triplett, Sr., made declarations to them tending to show that he had never signed a deed that William, Jr., had brought to him to sign. The proposed testimony was excluded by the court and this appears to be the only exception made to the validity of the trial. The putting aside the objection that

the statement of these witnesses does not point to this particular deed with sufficient definiteness to constitute reversible error, and that its bearing on the verdict, for a like purpose, is not sufficiently disclosed in that record, the evidence, we think, is clearly incompetent. Made a long time after the alleged deed was in existence and when defendant was in possession, asserting ownership under it, these declarations were clearly hearsay, and on authority, were properly excluded. *In re Shelton's Will,* 143 N. C., pp. 218-224; *Maddox v. R. R.,* 115 N. C., 642; *Hodges v. Spicer,* 79 N. C., 223; *McConnell v. McConnell,* 73 N. C.; 338; *Cowan v. Tucker,* 30 N. C., 426.

In *Shelton's case* the declarations were admitted because the question involved concerned the validity of a will, and *Associate Justice Brown;* distinguishing between a deed and a will, said: "Declarations of this kind (by a testator) are admitted as an exception to the general rule rejecting hearsay because the testator has peculiar means of knowledge and is supposed to be without motive to speak other than the truth; he differs from a grantor in a deed because, when his declarations are made, he has not parted with his property, but retains control over the subject-matter till his death." It is not required to deal with the question, very fully argued in the brief of counsel, as to whether the declarations were incompetent under 1631 of Revisal, excluding testimony by interested parties as to transactions with deceased persons, the proposed evidence being inadmissible on other grounds.

There is no error, and the judgment is affirmed.

No error.