O. L. MATTHIS v. J. D. JOHNSON.

(Filed 6 October, 1920.)

**1. Fires— Tramroads—Railroads—Negligence—Defective Locomotives— Burden of Proof.**

When it is shown that defendant's tramroad locomotive set out sparks from its smokestack or fire box which caused an injury to the plaintiff's land, the burden of proof is on the defendant, having better means of knowing the facts, to show that its smokestack was reasonably well equipped with a proper spark arrester, and that the fire box to the engine was also reasonably safe; and it is competent to show, in this connection, that the locomotive in question had a short time previously been seen throwing out sparks.

**2. Same—Foul Right of Way.**

Evidence that the defendant's tramroad locomotive dropped sparks on a foul place of its right of way, causing a fire which was communicated to plaintiff's land and damaged it, is sufficient as proof of the defendant's

negligence in permitting this condition to exist on its right of way, without showing that its spark arrester was defective.

**3. Evidence—Declarations—Evidence—Fires—Hearsay.**

Testimony of a statement made by a witness who has since died, relative and material to the inquiry in a fire damage case, is incompetent as hearsay.

APPEAL by defendant from *Kerr, J.,* at Fall Term, 1920, of SAMPSON.

This action was brought to recover damages for setting fire to plaintiff's lands and the timber thereon, in April, 1916, and burning the same. The fire came from defendant's engine, which was operated on his tramroad. There was evidence tending to show that the fire was set out by defendant's engine, and that it burned plaintiff's property, and that it started at the side of the tramroad and near to it, or at a trestle on the road where there were tree tops, grass, and other dry and combustible material, and that it burned over a large area of land. One witness stated that the engine passed him about one-half mile from where he first saw the smoke rising from the fire; and when he went to the place, it had burned some distance from the trestle. There was further evidence tending to show that defendant's engine was the cause of the fire, but it is not necessary to recite it here in detail. The wind carried the fire from the tramroad to the dirt road, and all land between the two had been burned over, and some of the evidence tended to show, that the engine had passed the place shortly before the fire and smoke were first seen. The engine was seen to set out fire a week before this fire in question occurred. This testimony was objected to by defendant, and his objection was overruled by the court, and an exception taken upon the ground that there was no evidence that the engine was in the same condition on the two occasions. The witnesses for plaintiff stated that defendant's right of way had not been burned off, but was very foul.

The defendant's evidence tended to show that the fire was not started on its right of way, or by its engine, but that it originated elsewhere, and also that defendant had not been guilty of any negligence.

The jury returned a verdict for the plaintiff, and assessed his damages at $1,000. Judgment thereon for plaintiff; defendant appealed.

*Fowler & Crumpler and George A. Smith for plaintiff.*
*Butler & Herring and H. E. Faison for defendant.*

WALKER, J., after stating the case: We will consider the exceptions in the order of their statement in the record:

The testimony of Martin Hairr and Susan H. Hairr was competent, and was properly admitted. The burden was upon the defendant to show that his engine was provided with a spark arrester, or other ap-

pliances, reasonably sufficient to prevent the escape of sparks or live coals from the smokestack, or the fire box, and this is rested upon the ground that the defendant necessarily has, or should have, peculiar knowledge of the facts, and is better informed as to the condition of his engine operated on his tramroad than a plaintiff, who would generally be ignorant of it.  This Court, in *Aycock v. R. R.,* 89 N. C., 329, stated the principle governing in such cases.  In *Aycock v. R. R., Chief Justice Smith,* writing the opinion for the Court, cited *R. R. v. Schultz,* decided in 1880, and reported in 2 Am. & Eng. R. R. Cases, at p. 271, and notes, and then said of it: "The doctrine there announced by *Gordon, J.,* is 'that if reasonable precautions are taken in providing them (the locomotives) with those appliances which are deemed best for the prevention of such damage (from fire communicated), the company, or persons using them, cannot be made liable, though they fire every rod of the country through which they run.'  Adding: 'That the mere fact of the firing of a property will not of itself prove negligence, where it is shown that approved spark arresters were in use.'  A numerous array of cases is cited in the note in support of each side of the question, as to the party upon whom rests the burden of proof of the presence or absence of negligence, where only the injury is shown, in case of fire from emitted sparks.  While the author favors the class of cases which imposes the burden upon the plaintiff, we prefer to abide by the rule so long understood and acted on in this State, that the burden of proof is upon the defendant, when it appears that the sparks, or coals, came from the engine, not alone because of its intrinsic merit, but because it is so much easier for those who do the damage to show the exculpating circumstances, if such exist, than it is for the plaintiff to produce proof of positive negligence.  The servants of the company must know and be able to explain the transaction, while the complaining party may not; and it is but just that he should be allowed to say to the company, you have burned my property, and if you are not in default show it, and escape responsibility.  We therefore sustain the judge in this part of his charge.  Again, there was negligence in permitting the inflammable material in which the fire began to remain so near the track, and liable to ignite from emitted sparks.  *Troxler v. R. R.,* 74 N. C., 377; Whart. Neg., sec. 873; Thom. Neg., 162; *Salmon v. R. R.,* 20 Am. Rep., 366, and note."  That decision would seem to cover this case completely in its principal points.  It has been cited and approved frequently in subsequent cases, and must govern our decision here.  The most recent citation of it will be found in *Cashwell v. Bottling Works,* 174 N. C., 324-327, where we referred to it as follows:  "In *Simpson v. Lumber Co.,* 133 N. C., at pp. 101 and 102, we said:  'Where the plaintiff shows damage resulting from the defendant's act, which act, with

the exercise of proper care, does not ordinarily produce damage, he makes out a *prima facie* case of negligence, which cannot be repelled but by proof of care or of some extraordinary accident which renders care useless,' " citing *Aycock v. R. R.,* 89 N. C., 321; *Lawton v. Giles,* 90 N. C., 374; *Piggot v. R. R.,* 54 E. C. L., 228; *Craft v. Timber Co.,* 132 N. C., 151; *Ins. Co. v. R. R.,* 132 N. C., 75. See, also, *Moore v. Parker,* 91 N. C., 275; *Haynes v. Gas Co.,* 114 N. C., 203; *Currie v. R. R.,* 156 N. C., 419; *Kornegay v. R. R.,* 154 N. C., 392; *Cox v. R. R.,* 149 N. C., 118; *Simmons v. Lumber Co.,* 174 N. C., 220; *Williams v. R. R.,* 140 N. C., 623; *Fitzgerald v. R. R.,* 141 N. C., 530-534; *Stewart v. Carpet Co.,* 138 N. C., 60; *Ross v. Cotton Mills,* 140 N. C., 115; *Womble v. Grocery Co.,* 135 N. C., 474. Besides, there was testimony of the plaintiff's witnesses which showed that the same engine had cast sparks before, and this was some proof of its bad condition. *Dail v. Taylor,* 151 N. C., 284.

This case and *Knott v. R. R.,* 142 N. C., 238, are much alike, as there it was held that the emissions of sparks from the smokestacks on former occasions, and near the time of the fire that did the damage complained of, was competent, and, besides, that if the smokestack was in good condition, and sparks fell upon a foul right of way and caused the fire, the railroad company was responsible in damages. *Simpson v. Lumber Co.,* 133 N. C., 95; *Troxler v. R. R.,* 74 N. C., 377; *Craft v. Timber Co.,* 132 N. C., 151; *Wise v. R. R.,* 85 Mo., 178, where it is said that in no view of the matter is it material to inquire how the sparks happened to fall on the right of way if the latter was in bad condition, and that was the cause of the fire. See, also, *Cox v. R. R., supra,* and cases cited with it. These exceptions cannot, therefore, be sustained.

The testimony of K. A. Robinson was properly excluded, because he proposed to speak solely of a statement, not only of a third person, but of a person who had since died, which was made to him. This was hearsay and incompetent, it having none of those safeguards required by the law for the maintenance of truth. The same may be said of the testimony of Charlie Cromartie and T. F. Fowler.

The other exceptions are merely formal.

The court's rulings were correct throughout, and we therefore affirm the judgment.