HIGH POINT SAVINGS AND TRUST COMPANY, ADMINISTRATOR OF GEORGE H. SYKES, DECEASED, v. MRS. GEORGE H. SYKES BLACKWELDER, RUBY SYKES NOLAND AND HER HUSBAND, H. B. NOLAND, AND GEORGIA SYKES, A MINOR, APPEARING BY HER GUARDIAN AD LITEM, C. B. OVERMAN.

(Filed 22 January, 1936.)

**Evidence H a: Trusts C c—Evidence offered to establish resulting trust held properly excluded under hearsay rule.**

Certain lands were deeded to husband and wife by entireties. The wife predeceased her husband, and after the husband's death his administrator sought to sell the lands to make assets to pay debts. A daughter of the tenants by entireties resisted the proceeding, claiming an interest in the land as heir at law of her mother, and attempted to show a resulting trust in the lands in her mother's favor by showing that her mother had furnished the major part of the purchase price, although the lands had been deeded to the grantees as tenants by the entireties. In support of her contentions, the daughter offered testimony of a witness to the effect that the wife had told the witness she had furnished a certain amount of the purchase price. *Held:* The testimony was properly excluded under the hearsay rule.

APPEAL by the defendants Ruby Sykes Noland and her husband, H. B. Noland, from *McElroy, J.,* at March Term, 1935, of GUILFORD. No error.

This is a special proceeding for the sale of land owned by plaintiff's intestate, at his death, to make assets for the payment of his debts.

The proceeding was begun before the clerk of the Superior Court of Guilford County, and was transferred to the civil issue docket of said court for the trial of the issue raised by the pleadings. At the trial the issue submitted to the jury was answered as follows:

"Was George H. Sykes the owner and in possession of the land described in the petition at his death? Answer: 'Yes.'"

From judgment that the plaintiff is entitled to an order that the land be sold, and remanding the proceeding to the clerk of the Superior Court for that purpose, the defendants Ruby Sykes Noland and her husband, H. B. Noland, appealed to the Supreme Court, assigning errors in the trial.

*Walser & Wright for plaintiff.*
*R. L. Foust for defendants Mrs. Blackwelder and Georgia Sykes.*
*David H. Parsons for defendants Ruby Sykes Noland and her husband.*

CONNOR, J. At the trial of this action the evidence for the plaintiff showed that on 19 October, 1918, Eva J. Cox, in consideration of the

sum of $1,000, conveyed to George H. Sykes and his wife, Sallie Sykes, the land described in the petition; that Mrs. Sallie Sykes, wife of George H. Sykes, died during the year 1927; that thereafter the said George H. Sykes was married to the defendant Mrs. George H. Sykes Blackwelder; that he died on 28 March, 1929, leaving as his heirs at law the defendant Ruby Sykes Noland, the only child of his first wife, and the defendant Georgia Sykes, the only child of his second wife; and that the said George H. Sykes was in possession of the land described in the petition at his death, claiming title thereto under the deed from Eva J. Cox, and as the survivor of his wife, Sallie Sykes.

In her answer to the petition in this proceeding, the defendant Ruby Sykes Noland denied that her father, George H. Sykes, was the owner and in possession of the land described in the petition as such owner, at the date of his death. She alleged that her mother, Mrs. Sallie Sykes, wife of the said George H. Sykes, paid $700.00 of the purchase price of said land, and that her father, George H. Sykes, paid $300.00 of said purchase price. For this reason she alleged that the said Sallie Sykes and the said George H. Sykes were the owners of said land as tenants in common, and not as tenants by the entireties. These allegations were denied by the plaintiff and by the defendant Georgia Sykes.

At the trial the only evidence offered by the defendant Ruby Sykes Noland to support her allegations was the testimony of a witness that Sallie Sykes had told this witness that she had sold her land in Randolph County, North Carolina, for the sum of $600.00, and that she had used this sum, together with the sum of $100.00 which she had received as rent, in the purchase of the land conveyed to her and her husband by Eva J. Cox. This testimony, upon objection by plaintiff, was properly excluded as evidence in this case. Its admission as evidence would manifestly have violated the hearsay rule under which, subject to certain well recognized exceptions, testimony that the witness had heard a third person make a statement is excluded as evidence. See *Improvement Co. v. Andrews,* 176 N. C., 280, 96 S. E., 1032.

There was no error in the instruction of the court to the jury that if the jury found the facts to be as shown by all the evidence they would answer the issue "Yes."

The judgment is affirmed.

No error.