SUSIE A. BUNTING v. P. L. SALSBURY AND SECURITY MUTUAL LIFE INSURANCE COMPANY.

(Filed 25 February, 1942.)

**Evidence § 41—**

Testimony of a witness on cross-examination as to a transaction between *third persons occurring while the witness was not present*, and testimony of another witness as to declarations made by his father, since deceased, that his father had paid the obligation in suit in full, *is held* incompetent as hearsay.

APPEAL by defendant P. L. Salsbury from *Dixon, Special Judge,* at November Term, 1941, of MARTIN.

These facts appear to be uncontroverted:

At the time of his death on 26 March, 1941, Mark L. Bunting carried with the defendant, Security Mutual Life Insurance Company, two policies of life insurance, each in the sum of $2,000, in which his wife was named beneficiary. These policies had been assigned as security for a stated indebtedness to the company, and for premiums advanced by defendant P. L. Salsbury, amounting to $1,153.83. Salsbury claims that the insured at the time of his death was indebted to him in the further sum of $781.39, balance due on certain notes, for payment of which he contends that said policies were also assigned.

Plaintiff alleges that in March, 1933, the defendant Salsbury and Mark L. Bunting "settled the amount"; that Bunting gave to Salsbury a crop lien and chattel mortgage in full settlement and satisfaction of all

amounts due or claimed to be due to Salsbury; and that later the crop lien and chattel mortgage was paid in full, and all matters and things were settled.

These contentions present the question at issue.

From judgment on adverse verdict defendant Salsbury appealed to the Supreme Court and assigns error.

*Peel & Manning for plaintiff, appellee.*
*B. A. Critcher for defendant, appellant.*

WINBORNE, J. Exceptive assignment to admission of incompetent evidence material to question at issue is well taken.

Upon the trial below the plaintiff's witness Joe Bunting, on cross-examination, answered as indicated to the following questions:

"Q. Mr. Bunting, it is alleged by the plaintiff, who is your mother in this action, that your father executed to P. L. Salsbury a crop lien in March, 1933, which was in settlement of an agreed amount that your father owed Mr. Salsbury?

"A. In full, it was.

"Q. Were you present?

"A. I was not present when he wrote the crop lien because my daddy did not have a crop. He went there when he was ill and fooled him in it and got him to sign it."

Defendant moved to strike out the above answers as not responsive. Motion overruled. Exception.

Plaintiff's witness Ernest Bunting testified: "The only thing I know is that he told me he had been paid in full." Objection. Question: "Who told you that?" Answer: "My father." Objection by defendant. Overruled. Exception.

The admission of this testimony is violative of the hearsay rule, under which, subject to well recognized exceptions, testimony as to what, or based upon what the witness had heard a third person say, is incompetent, and should have been excluded. *Grandin v. Triplett,* 173 N. C., 732, 92 S. E., 392; *Matthis v. Johnson,* 180 N. C., 130, 104 S. E., 366; *Chandler v. Marshall,* 189 N. C., 301, 126 S. E., 742; *Trust Co. v. Blackwelder,* 209 N. C., 252, 183 S. E., 271.

In *Matthis v. Johnson, supra, Walker, J.,* speaking to a similar question, used this language: "The testimony of K. A. Robinson was properly excluded, because he proposed to speak solely of a statement, not only of a third person, but of a person who had since died, which was made to him. This was hearsay and incompetent, it having none of those safeguards required by the law for the maintenance of truth."

New trial.