Nah, C. J.
 

 The first objection raised in the plaintiff’s bill of exceptions is to the reception of the ante-declarations of Joseph Sattenvhite. His Honor committed no error in this particular. It is a general principle in the law of evidence, that any fact to be proved against a party ought to be proved in his presence, by the testimony of witnesses duly sworn or qualified to tell the truth. Hearsay, therefore, is not admitted in our Courts of Justice, because it is but a statement which a witness gives, of what he professes to have heard a third person say. This rule is as old as the common law. To it, however, there are exceptions coeval with it:- such, for instance, of dying declarations, pedigree, and others, stated by writers on the law of evidence. Among the more modern exceptions, is that class of hearsay admissible upon the sole ground that it proceeds from the persons owning the property at the time, and would be evidence against him if he were a party to the suit. His estate or interest in the property, coming to another by any kind of transfer, the successor is said to claim under the former owner, and whatever he may have said concerning his own rights while owner, is evidence against his successor. Phil. Ev. vol. 1,
 
 note
 
 — 1st part, p. 644. This rule applies equally to real and personal property, whether in possession or in action. Thus, the admissions or declarations of a vendor or holder of personal property, made while so holding it, is evidence of all claiming under him, either mediately or immediately. In
 
 *108
 
 detinue for slaves, the declarations of the defendant’s vendor, made before the sale, was held admissible.
 
 Walthall
 
 v.
 
 Johnson,
 
 2 Call. 275. In
 
 Johnson
 
 v.
 
 Patterson,
 
 2 Hawks 183, declarations of a vendor before the sale were admitted. In
 
 Guy & Hall
 
 2 Murphy 150, the principal is very elaborately discussed.
 
 “
 
 In this case;” the Judge remarles “ they offered (that is, the decía, rations) as coming from
 
 & privy in estate,
 
 and therefore, in law, as coming from the party himself.” This rule extends to choses in action. The admissions or declarations of the assignor of a chose in action, made while he is the holder, are evidence against the assignee, and all persons claiming under him. In
 
 Haddan
 
 &
 
 Mills,
 
 4 Car. & P. 480, it appeared that one Rigby had endorsed the bill to Mills when overdue, and it was proposed to give in evidence Rigby’s declarations while the owner, to show the want of consideration. On the part of defendant, it was objected to. Chief Justice TiN.dall admitted it, observing,
 
 u
 
 You derive title under this party, and what he said is evidence against you.” To the same effect is the opinion of the Court in
 
 May
 
 v.
 
 Gentry,
 
 4 Dev. & Bat. 117. They declare that if the declarations could be received against the persons making them, they are competent against the person who claimed under him by a cotemperaneous or subsequent conveyance. Here the evidence, slight to be sure, but still evidence, was offered to show that Joseph Satterwhite was not indebted to the plaintiff; or, if so, in but a small amount; and the bonds given in evidence were without consideration and fraudulent against the creditors. The declarations were properly received.
 

 The second exception is the refusal of the Judge to charge, as required by the plantiff. It is true that in ordinary cases, he who idleges fraud must prove it. The burthen does lie upon him, but it does not extend to such a case as this — where, by the statement, as made by the plaintiff, fraud attaches to the transaction. Both Joseph and John Satterwhite and the subscribing witness were brothers-in-law; Joseph was indebted beyond his power to pay; a writ had issued against him to recover a debt due from him. Under those circumstances, he sells, or pretends to sell, to the plaintiff the slaves in dispute, and in order to sustain the sale, alleges he was smartly indebted to him, and produces four several
 
 *109
 
 bonds bearing different dates, one in 1843, one in 1845, one in 1847 and one in 1848, amounting in the whole to upwards of $1400. The bonds are not attested by any witness. In the case of
 
 Hawkins
 
 v.
 
 Alston,
 
 4 Ire. Eq. 137, the Chief Justice, in delivering the opinion of the Court observes,
 
 “
 
 It is but an act of common precaution, which any man owes to his own character, when a bond is executed between brothers for so large a sum, under such circumstances, and upon a settlement, as alleged for previous dealings, running through several years, that the parties should come to their settlement in the presence of disinterested third persons, &c., so as to afford to other creditors the opportunity of investigating, <fcc.” In another part of the same case, the Court say that in such a transaction between near relations, “it is to be expected that they should offer something more than the naked bond of the one to the other, as evidence of the alleged indebtedness.” See also
 
 Black
 
 v.
 
 Wright,
 
 9 Ire. 449, 3 Star, on Ev. 487. His Honor, therefore, committed no error in refusing to charge'as required. .It was the plaintiff’s duty to remove the cloud under which his case rested.
 

 The remaining exception is that, in his charge, his Honor intimated to the jury an opinion upon a matter of fact. We are informed that this objection is founded on that part of the charge, in which the Judge uses this language:
 
 “
 
 and the bonds without a subscribing witness, and their existence unknown to any one (but the parties) until they were produced on the first trial of this cause. ’ ’ It is objected, that the Judge violated the Act of Assembly, in stating that the existence of the bonds was unknown, until produced on the trial. It is manifest that his Honor spoke of the case as it appeared before him. Now there was no evidence that the bonds were ever seen, until produced in evidence on the trial of the cause. The expressions used, then, were tantamount to telling the jury that there was no evidence of the fact of their ever having been seen, mrtil the trial. Whenever a point arises on the trial of a cause, which it is important to either party to sustain, and there is no evidence offered upon it, it is not only no error in the Judge so to inform the jury3 but it is his duty. Situated as the case was, it was very important to the plaintiff to prove that there was a settlement, and that these bonds had an existence before it took place.
 
 *110
 
 No settlement was proved — The fact that after the deed was executed, the plaintiff went to his desk and took out some paper or papers, was no evidence that the bonds were the papers. If they were, why were they not exhibited? The fraud attempted is too palpable, and not reconcilable with any pretence of fairness.'
 

 We concur with his Honor on all the points ruled by him.
 

 Per Curiam. Judgment affirmed.