GROSS v. SMITH.

(Filed May 12, 1903.)

GIFTS—*Delivery—Evidence—Declarations—Questions for Jury.*

A gift of personal property is not complete without delivery, but declarations of an alleged donor that he had given certain property is competent evidence from which the jury may infer and find whether there was a delivery.

ACTION by Nannie Gross and others against John Smith, heard by Judge *Francis D. Winston* and a jury, at November (Special) Term, 1902, of the Superior Court of RUTHER-FORD County.

The plaintiffs brought this action for the recovery of a cow which they allege to be in the possession of the defendant Smith. It appears that the cow was sold by the defendant, W. F. Snider, as administrator of J. B. Snider, and bought by John Smith his co-defendant. The *feme* plaintiff claims ownership of the cow by virtue of a parol gift from her father. In order to establish her title to the cow, she introduced evidence tending to prove that her father had frequently stated that the cow was not his but belonged to her, and that he had given it to her, and when the father was asked to sell it to other persons, he always replied that he could not do so, as it was not his cow but belonged to his daughter Nannie. The *feme* plaintiff was under age and lived with her father, and the cow was kept in her father's pasture during his life time. On several occasions, while the cow was in the pasture, he pointed her out and said that he

had given her to the *feme* plaintiff and that it was not his cow.   He further stated that he had given each of his children a cow, and that this cow was the one he had given to the *feme* plaintiff.   After the death of J. B. Snider, the cow remained on his place, but in the possession of the *feme* plaintiff's husband.   There was also evidence tending to show that the defendant W. F. Snider administrator of J. B. Snider before the sale to his co-defendant, had admitted that the cow belonged to the *feme* plaintiff, and L. H. Gross, the husband of the *feme* plaintiff, testified upon his examination that the *feme* plaintiff claimed the cow because her father had given the cow to her when she was under age and was living with him as a member of his family.   There was no objection to any of the testimony.

The defendants at the close of the testimony moved to dismiss the complaint or for judgment as in case of non-suit under the statute.   The motion was overruled and the defendants excepted.   No testimony was introduced by the defendants.

The court charged the jury in substance as follows: "That to constitute a gift of personal property, there must be a change of possession.   If the plaintiff's father pointed out the cow and said to her 'that is your cow I give it to you' and then retained possession of the cow, it was not a gift and the plaintiff cannot recover.   In order to constitute a valid parol gift of the cow, the jury must find that the father parted with the possession and control of the cow and let the possession and control pass to the *feme* plaintiff.   If the plaintiff never had possession before the death of her father, no subsequent possession would complete the gift, but that the gift, to be effectual, must have been absolute when made, and must have been accompanied by a transfer of possession—the delivery being the essential element of the gift."   The court further charged the jury that the burden was upon the plaintiff to

satisfy them of the delivery, which was required to make a valid gift. The jury rendered a verdict in favor of the plaintiff and judgment was entered accordingly. The only exception is the one taken to the refusal of the court to dismiss the action. From a judgment for the plaintiffs the defendants appealed.

*McBrayer & Justice,* for the plaintiffs.
*Eaves & Rucker,* for the defendants.

WALKER, *J., after stating the case*: We think there was evidence sufficient to be submitted to the jury upon the question of the parol gift. There can be no doubt that delivery of possession is essential to constitute a valid gift. "the necessity of delivery," says Chancellor Kent, "has been maintained in every period of English law." 2 Kent Com., 438; 2 Blk., 441. But the question in this case is whether there was a delivery in fact. The declarations or admissions of the intestate and the other testimony are not conclusive upon that question, but the jury must find the fact of delivery from all the evidence. When the intestate said that he had given his property to his daughter and that it belonged to her, his declaration included the idea or admission that he had before that time delivered it to her, for the transfer of possession was essential to constitute the gift. This court in *Tiddy v. Graves,* 127 N. C., 502, held that where in order to vest in the husband an estate by the courtesy, it was necessary to be shown that the marriage took place prior to the date of the adoption of the Constitution in 1868, an admission that the husband was tenant by the courtesy was equivalent to a statement of the fact that the marriage had occurred prior to that time.

All courts hold that delivery is necessary to the validity of the gift, but the fact of delivery may be found by the jury

from the acts, conduct and declarations of the alleged donor, just as any other material fact may be found in the same way from the acts, conduct and declarations of a party to be affected thereby. What is a gift is a question of law, but whether or not there was a gift in any particular case is a question for the consideration of the jury upon the testimony. In *Rooney v. Minor,* 56 Vt., 527, it was held that the admissions of an intestate that she had made the gift did not prove the fact in the sense that it was conclusive, but that it was some evidence to be weighed by the jury upon the question of delivery. It tended to show the fact, though it was not sufficient in law to constitute a gift *inter vivos* unless the jury should find therefrom that there had been a delivery. This is the very point in our case. In *Spencer v. Littlejohn,* 22 S. C., 358, the same question was involved and the court held that, while a gift of personal property is not complete without delivery, declarations of the alleged donor to the effect that he had given the property was competent evidence from which the jury might determine whether the gift had been made. The court says "It is true that delivery must be proved but this is a question of fact for the jury, and inasmuch as there can be no complete and legal gift without delivery the very use of the term 'give' or 'I have given' may sometimes be intended to include the delivery, and when such declarations have been used by the donor and they are admitted by the court as competent, we think it ought to be left to the jury to say whether the gift has been proved, including the delivery, and it ought not to be laid down as a rule of law to govern the jury that such declarations in themselves are insufficient to prove the gift." In *Davis v. Boyd,* 51 N. C., 249, 251, Ruffin, C. J., speaking for the court said that the declarations of the plaintiff that he had given the property to the defendant, and "had made him a good title as he thought," were not sufficient to establish such a gift.

But a careful reading of that case will disclose that the distinguished Chief Justice placed the decision upon the ground that it appeared in the case affirmatively that there had not been and could not have been any delivery, and he would seem to imply that had it not been for this fact the declarations would have been competent and, if the jury believed them to be true, they were sufficient in law to support a finding that there had been a valid gift of the property by delivery of possession.

We conclude that, in this case, the declarations of the father of the *feme* plaintiff that he made a gift to her of the cow were competent, and they were properly submitted to the jury for their consideration in connection with the other evidence bearing upon the question of delivery.

The cases cited by the learned counsel of the defendant can be distinguished from our case. If they are closely examined, it will be found that the declarations under consideration in those cases were held to be insufficient in themselves to establish a delivery.

We are of the opinion that the case was correctly tried in the court below, and the verdict and judgment must stand.

No Error.