PRINTING CO. v. HERBERT.

(Filed December 19, 1904).

1. SUPREME COURT—*Judgments—Exceptions and Objections—The Code, sec. 957—Verdict.*

> The supreme court will not reverse a judgment because there was not sufficient evidence to be submitted to the jury unless the point was raised before verdict.

2. SALES—*Conditional Sales—Evidence—Declarations.*

> In an action to recover possession of a printing press sold by plaintiff by conditional sale, which passed into the hands of a publishing company as an alleged innocent purchaser, declarations of the deceased buyer are inadmissible to show that he received value from the publishing company.

3. SALES—*Consideration—Payment.*

> A purchaser for value must show payment of a fair and reasonable price.

ACTION by the Babcock Printing Press Manufacturing Company against W. M. Herbert, heard by *Judge G. S. Ferguson* and a jury, at March Term, 1904, of the Superior Court of LENOIR County. From a judgment for the defendant the plaintiff appealed.

*W. D. Pollock,* for the plaintiff.
*Loftin & Varser* and *Land & Cowper,* for the defendant.

WALKER, J. This is an action for the recovery of personal property, to-wit, a printing press and its fixtures. So far as we are able to gather the facts from the record it appears that the plaintiff, a corporation and the manufacturer of the press, claims title to the same and the right of possession by virtue of a contract with one W. S. Herbert now deceased, the agreement being described in the case as "a contract of conditional sale." This contract was dated March

26, 1902, and was filed for registration July 24, 1902. No copy of it is set out in the record and we are not informed as to its contents. It was introduced merely by the general description we have already given. The plaintiff introduced in evidence a series of notes dated July 19, 1902, a copy of one of the series of notes being set out in the case. It refers to the contract of March 26 and recites that it was given "pursuant to the agreement." The defendant claims the title and right to the possession of the press as receiver of the Kinston Publishing Co., to which company he alleges it was sold and transferred after the date of the contract of conditional sale between the plaintiff and Herbert, and before the date of its registration. It is also alleged by the receiver that the Kinston Publishing Company purchased the press for value and without notice in law of the contract of conditional sale.

There was much testimony introduced by the parties upon the question of the purchase of the press by the publishing company and of the price paid for it. The jury returned a verdict in favor of the defendant. It is stated in the case that "the Court charged the jury fully on every phase of the case and gave the contentions of both sides; there was no exception taken to the charge." There are no assignments of error.

While it may be that the conditional sale had not been consummated by the delivery to the plaintiff of the notes for the purchase price, and that there was merely an executory contract to sell, and that, at the time it is alleged the publishing company bought, W. S. Herbert had no title to the press to sell, as contended by the plaintiff's counsel, we cannot consider or decide the question, as there is no exception in the record which raises it. If the plaintiff had asked for an instruction to the jury based upon the contract and the evidence as to the time of giving the notes, and had caused to be set

forth in the case a copy of the contract, so that we might de-
termine its nature and legal effect with reference to the
time of the delivery of the notes, the proposition argued at
length in the brief of the counsel would be before us. But
there was no prayer for instructions either as to the plain-
tiff's or the defendant's evidence and no exception to the
charge. There is, therefore, nothing to consider in respect
to the charge or the failure to charge. We cannot yield to
the argument that, as there is no evidence of a purchase for
value by the publishing company, we should reverse the
judgment or award a new trial because the statute (The
Code, sec. 957) requires that we should render such a judg-
ment as, on inspection of the whole record, it shall appear to
us ought in law to be rendered thereon. That section does
not apply. The alleged defect does not arise in the record
as distinguished from the "case on appeal." *Taylor v. Plum-
mer,* 105 N. C., 56. An objection that there is no evidence
must be raised before verdict by a proper prayer for instruc-
tions to the jury, and comes too late after the objector has
taken his chances upon the verdict and has lost. *State v.
Harris,* 120 N. C., 557.

While we cannot consider the argument of counsel upon
the effect to be given to the negotiations and dealings between
the plaintiff and Herbert, and between the latter and the
Kinston Publishing Company, with a view of determining
who has the title to the property, we yet think that an error
was committed in the admission of testimony which entitles
the plaintiff to a new trial. Several witnesses, and among
them D. F. Wooten, were permitted to testify as to the decla-
rations made to them or in their hearing by W. S. Herbert
tending to show, and introduced for the purpose of showing,
that he had received value from the publishing company for
the press. This evidence was nothing more than hearsay
and should have been excluded. It is evident that the wit-

ness Wooten had no personal knowledge of the matters to
which he testified, for he closes his testimony as follows:
"I do not know whether Mr. Herbert sold the press to the
company or received a penny for it." What he had pre-
viously said, as coming from Herbert, was clearly incompe-
tent and was calculated to prejudice the plaintiff before the
jury upon the question they were trying. The plaintiff fur-
ther contended that the testimony of the several stockholders
was incompetent under section 590 of The Code. It is not
necessary to decide this question, as it may not again be pre-
sented, and, besides, the facts as to the insolvency of the
publishing company are not sufficiently explicit for us to pass
upon them intelligently.

The defendant claims that the publishing company was a
purchaser for value, and in order to sustain this plea he must
show that the purchase was at "a fair and reasonable price,
according to the common mode of dealing between buyers and
sellers" (*Fullenwider v. Roberts,* 20 N. C., 278), or, as is
said in *Worthy v. Caddell,* 76 N. C., 82, "the party assum-
ing to be a purchaser for valuable consideration must prove
a fair consideration, not up to the full price, but a price
paid which would not cause surprise or make any one ex-
claim 'He got the property for nothing; there must have
been some fraud or contrivance about it.'" The principle
is clearly stated by *Connor, J.,* in *Collins v. Davis,* 132
N. C., 109. It is alleged that Herbert received stock of the
publishing company for the press. It does not appear what
was the value of this stock. The company, it is said, is now
insolvent. What its condition was when the stock was issued
to Herbert, if it ever was issued, is a material inquiry. The
publishing company must have paid something more, as we
have seen, than what would be sufficient as a consideration
to support a contract, if the defendant expects to show that
the company was a purchaser for value. It must also appear

PRINTING CO. *v.* HERBERT.

that the press was bought by the company itself, and not merely that the negotiations for the purchase were conducted by one of the stockholders, or even by all of them when not assembled in corporate meeting.  *Duke v. Markham,* 105 N. C., 131; *Pinchback v. Mining Co.,* 137 N. C., at this term.  The purchase must have been the corporate act of the company.  While the corporation need not act directly, but may be represented by one or more individuals in making contracts, provided he or they are duly authorized so to act in its behalf, it must at least be the act of the corporation, and not of its individual members, in order to be binding.

The questions we have mentioned may be more fully presented at the next trial, and we do not intend by what has been said to intimate any opinion in regard to them; in the present state of the evidence we could not well do so.  For the error in admitting incompetent testimony there must be another trial.

New Trial.

DOUGLAS, J., concurs in result.