LELIA A. PATTERSON, BY HER NEXT FRIEND, v. THE GREENS-BORO LOAN AND TRUST COMPANY.

(Filed 15 November, 1911.)

**1. Gift—Delivery—Intent, Expressed or Implied.**

   To sustain a valid gift of personal property there must be an actual or constructive delivery with the present intent to pass title.

**2. Same—Evidence—Donee's Trunk.**

   In an action involving the question of a gift to a granddaughter of personalty by the grandfather, there was evidence tending to show that the grandmother had given her a trunk, always spoken of as hers and which remained at the home of the grandparents; that while the donee and her mother were visiting there, soon after her birth, the grandmother showed the grandfather a $5 gold-piece which had been given to the donee by another, whereupon the grandfather said: "Well, we will keep that up. I

will keep it up. I expect to give her $5 in gold every 22d of the month for her birthday"; that he did so on several such occasions; that in the last illness of the grandfather he told donee's mother to move the trunk. "I want you to move it; you may move this trunk now, if you want to, or you can wait and move it after I am dead," the trunk being there present; that the grandmother died about eighteen years ago and the grandfather in 1907; that the trunk was removed after the grandfather's death, and when opened contained $1,050 in gold, only a few small clothes formerly worn by the donee, and nothing of real value of the donor's: *Held*, sufficient evidence of a gift of the $1,050 in gold. *Brewer v. Harvy*, 72 N. C., 176, cited and distinguished; *Newman v. Bost*, 122 N. C., 524, cited and applied.

APPEAL from *Daniels, J.*, at April Term, 1911, of GUILFORD.

Civil action to recover $1,050 in gold, alleged to have been given to plaintiff by her grandfather, the intestate.

The jury rendered the following verdict: "Did the intestate of the defendant give Lelia A. Patterson, during his lifetime, the $1,050, as alleged in the complaint? Answer: Yes."

Judgment on the verdict, and the defendants excepted and appealed.

*John A. Barringer and Thomas M. Calvert for plaintiff.*
*G. S. Bradshaw and King & Kimball for defendant.*

HOKE, J. The authorities in this State are in full support of the position contended for by defendant, that in order to a valid gift of personal property there must be an actual or constructive delivery with the present intent to pass the title. *Gross v. Smith*, 132 N. C., 604; *Duckworth v. Orr*, 126 N. C., 674; *Wilson v. Featherston*, 122 N. C., 747; *Newman v. Bost*, 122 N. C., 524; *Medlock v. Powell*, 96 N. C., 499; *Adams v. Hayes*, 24 N. C., 361.

The Court is of opinion, however, that without any impairment of the principle recognized and sustained in these cases, there are facts in evidence from which delivery could be properly inferred by the jury. From the testimony of the principal witness it appeared that Lelia A. Patterson is the daughter of Roxie Patterson and the granddaughter of William Collins; that William Collins died on 6 April, 1907, and that the wife

of William Collins, grandmother of Lelia, died about eighteen years ago; that the grandmother of Lelia had given Roxie Patterson a trunk for Lelia, and that the trunk was always called and used as Lelia's, and remained in an upstairs room in the Collins home until after the death of the grandmother; that in the summer after the birth of Lelia, while Roxie Patterson and child were on a visit to the grandparents, the mother showed the grandfather a $5 gold-piece which she said Judge Armfield had given to her for the child, whereupon the grandfather remarked, "Well, we will keep that up. I will keep that up. I expect to give her $5 in gold every 22d of the month for her birthday." He then and there began the practice of putting into the child's trunk $5 in gold every month, and after the death of the grandmother the trunk was brought down into his room. On several visits of the mother she saw the grandfather put $5 in gold into it when the monthly birthday of Lelia happened at the time. Some of Lelia's things were in the trunk, that is to say, shoes, little hose, dresses, and things of that kind." Lelia's pet name was Hon, and in the grandfather's last illness he said to his daughter: "There's Hon's trunk; I want you to move it; you may move this trunk now, if you want to, or you can wait and move it after I am dead." The trunk was not then removed, and after his death it was opened and the sum of $1,050 in gold was found therein. There is no evidence that the trunk contained anything of value belonging to the deceased, that is, there was no other money in gold, nor were there any valuable papers.

. True, there is a case in our reports, *Brewer v. Harvy,* 72 N. C., 176, where a father standing on his piazza with his wife and child, a girl 12 years of age, pointed to a colt some distance off and said to the child, "That is yours; I give it to you," and in another case a colt on the father's farm was always recognized by and spoken of as his son's colt and the father had told the son he might have the colt if he would raise it. In both, the Court held there was not a valid gift for lack of proper delivery; but in both, it will be noted, there was no possession or control of the property given to the alleged donee or to any

one for him. In our case the money was from time to time put by the intestate in the trunk recognized as the child's trunk, and in the last illness of the donor he said to the child's mother, the trunk being present: "There's Hon's trunk; I want you to move it; you may move it now, if you want to, or you can wait and move it after I am dead." On this testimony we think his Honor correctly ruled that the question of delivery was for the jury. The case comes rather within the principle applied in *Newman v. Bost, supra,* in which it was held: "Where the articles are present and are capable of actual manual delivery, such delivery must be made in order to constitute a gift *inter vivos* or *causa mortis;* but where the intention of the donor to make the gift plainly appears and the articles intended to be given are not present, or, if present, are incapable of manual delivery, effect will be given to a constructive delivery."

There is no error, and the judgment for plaintiff must be affirmed.

No error.