JEFF P. ROBERTS ET AL. v. E. E. DALE.

(Filed 10 May, 1916.)

**1. Deeds and Conveyances—Heirs—Division—Parties—Res Inter Alios Acta.**

Where a wife is in possession of a tract of land after the death of her husband under a deed he had made to her, proceedings for a division of his lands among his heirs at law, to which she has not been made a party, are *res inter alios acta* as to her, and no title can be thereunder acquired as to her lands so held.

**2. Same—Executors and Administrators—Sales.**

Where the wife remains in possession of lands conveyed to her by her husband, after his death, living thereon with their son, who dies before his mother, the son acquired no title to such lands under a division of his father's lands among the heirs at law, in which his mother was not a party, and a sale thereof by his administrator to make assets to pay his debts is a nullity.

**3. Deeds and Conveyances—Tenants in Common—Interest Conveyed.**

A conveyance by a tenant in common of the entire tract of land so held can only operate as a conveyance of the interest therein of the tenant in common executing the conveyance.

**4. Partition—Title—Evidence—Instructions—Directing Jury—Courts.**

Where, upon issue as to plaintiff's title in partition proceedings the cause is transferred to the trial docket, and it appears on the trial that he and those under whom he claims have been in possession under a chain of title for sixty years preceding the institution of the action, and that the title is not affected by attempted proceedings for division among the heirs at law of the original owner or by an attempted sale to make assets by an administrator of one of them, an instruction is proper that if the jury find the facts to be as testified, to answer the issue "Yes," in plaintiff's favor.

APPEAL by defendant from *Shaw, J.,* at November Term, 1915, of CALDWELL.

*Edmund Jones and Wakefield & Williams for plaintiffs.*
*W. C. Newland and Squires & Whisnant for defendant.*

CLARK, C. J. This was a petition for partition which upon the plea of sole seizin was transferred to the civil-issue docket at term. At the close of the evidence the court refused the motion to nonsuit and charged the jury that there was but one issue, "Are the plaintiffs and defendant tenants in common of the land in controversy, as alleged in the petition?" and instructed them that the plaintiffs alleged that they owned two-thirds of the land and the defendant one-third, and that if

the jury found the facts to be as testified to by the witnesses, to answer the issue "Yes." This presents the entire matter for our consideration.

Hosea Tilley executed a deed for this land to his wife, Nancy Tilley, 11 February, 1852, which was recorded 22 December, 1914, before the beginning of this action. It was in evidence that she was in possession of the land in controversy from the date of the deed to her from her husband till she conveyed the land to Sarah Roberts, 18 March, 1898. Sarah Roberts died in the fall of 1902, intestate, leaving her surviving Jeff P. Roberts and Vance Roberts and Margaret Walker. Jeff P. Roberts, one of the plaintiffs and an heir at law of said Roberts, went into possession of the land in the spring of 1903 and remained in open and continuous possession until the beginning of this action, 22 December, 1914. He and his sister, Mrs. Walker, are the plaintiffs. Vance Roberts, by deed of 25 November, 1911, conveyed his entire interest in said land to one Beall, in trust to secure the payment of a debt. The property was sold under said trust deed and was conveyed to the defendant Dale 6 October, 1913.

There is evidence of the division of the lands of Hosea Tilley by his five heirs at law 25 April, 1889, but at that time the title to this tract was in Nancy Tilley, and she was not a party to the division of Hosea Tilley's land in which this tract of land was allotted to Ed. Tilley. His mother, Nancy Tilley, was still living, and this proceeding among the heirs at law of Hosea Tilley was *res inter alios acta,* and in no wise affected the title to this land. Ed. Tilley was not in possession of the land, though he lived there, according to the evidence, with his mother. He was an unmarried man and died before his mother.

There was also evidence that W. J. Dula, as administrator of Ed. Tilley, filed a petition and caused this tract of land to be sold to make assets to pay the debts of Ed. Tilley, at which sale Vance Roberts bought. But this proceeding was a nullity as to these plaintiffs, for the reasons above given.

When Vance Roberts conveyed this tract of land he conveyed, and could convey, only what interest he had in the land, which was one-third. *Shannon v. Lamb,* 126 N. C., 46; *Roscoe v. Lumber Co.,* 124 N. C., 47; *Page v. Branch,* 97 N. C., 97; *Ward v. Farmer,* 92 N. C., 93; *Caldwell v. Neely,* 81 N. C., 114.

If the evidence is to be believed—and it is not contradicted—the plaintiffs and those under whom they claim were in possession of this tract for more than sixty years preceding the institution of this action. The above mentioned proceedings being void in law as to these plaintiffs, and properly so held by the court, there was no conflict of evidence, and the court properly instructed the jury, if they believed the

evidence, to answer the issue "Yes." *Nelson v. Ins. Co.,* 120 N. C., 305; *Wool v. Bond,* 118 N. C., 1; *Chemical Co. v. Johnson,* 101 N. C., 223.

This is not a case where a party under a junior registered deed claims in preference to a prior unregistered deed from the same grantor; nor is it a case of a party claiming under possession with color of title. It is simply a case where, if the evidence is to be believed, the plaintiffs claim under a chain of title and possession for more than sixty years, and the defendant claims under a sale for partition of the land as the property of another and under a sale of the property to make assets by the administrator of the party to whom the land was allotted in said proceedings. There is no estoppel, for Nancy Tilley was not a party to the partition by Hosea Tilley's heirs, nor were the plaintiffs, or those under whom they claim, parties to the proceeding to sell the land by the administrator of Ed. Tilley, to whom this tract was allotted in the partition of the lands of Hosea Tilley. The plaintiffs do not claim under Hosea Tilley's heirs, he having conveyed the land to Nancy Tilley by deed of 1852. They claim by virtue of continuous possession for sixty years under deed from him.

No error.