CHANDLER & RAGLAND v. JOHN MARSHALL.

(Filed 18 March, 1925.)

**Evidence—Declarations—Mortgages—Claim and Delivery—Res Gestæ—Hearsay.**

> Where, in claim and delivery for two mules by the mortgagor under an unregistered mortgage, the defendant claims as a purchaser from the deceased mortgagor, evidence by the plaintiff as to what the deceased mortgagor had subsequently said tending to establish the plaintiff's claim is not part of the *res gestæ,* and is incompetent as hearsay.

CHANDLER *v.* MARSHALL.

APPEAL by defendant from *Horton, J.,* at August Term, 1924, of
FRANKLIN.

Civil action in claim and delivery, tried upon the following issues:

"1. Are the plaintiffs, Chandler and Ragland, the owners and entitled
to the possession of the two mules in controversy? Answer: 'Yes.'

"2. What was the value of said mules at the time of the seizure in
claim and delivery? Answer: '$75.00.' "

Judgment on the verdict for plaintiffs, from which the defendant
appeals, assigning errors.

*Wm. H. and Thos. W. Ruffin for plaintiffs.*
*W. M. Person for defendant.*

STACY, C. J. This is an action in claim and delivery, instituted by
plaintiffs to recover, as mortgagees or by virtue of an unregistered
retained-title contract, the possession of a pair of mules, sold by plain-
tiffs to one George Burnett, now deceased. On the trial, defendant con-
tended that he had purchased the mules from George Burnett, for value
and without notice of the plaintiffs' lien, and gave evidence to this
effect.

Over objection, the plaintiffs were allowed to offer the testimony of
two witnesses, tending to show what George Burnett had said to them
on different occasions, and subsequent to the transaction, in regard to
the alleged sale of the mules to the defendant. D. P. McKinne, a witness
for the plaintiffs, testified to a conversation with the deceased in which
he was informed that the mules had only been rented or hired to the
defendant and that no sale of them had been made. A like conversation
was detailed by the widow of the deceased. This evidence was in-
competent as hearsay and should have been excluded. *Barker v. Ins. Co.,*
163 N. C., 175; *McCurry v. Purgason,* 170 N. C., p. 466.

Speaking to a similar question in the case of *Matthis v. Johnson,*
180 N. C., p. 133, *Walker, J.,* said: "The testimony of K. A. Robinson
was properly excluded, because he proposed to speak solely of a state-
ment, not only of a third person, but of a person who had since died,
which was made to him. This was hearsay and incompetent, it having
none of those safeguards required by the law for the maintenance of
truth."

And in *Printing Co. v. Herbert,* 137 N. C., 317, the holding of the
Court is quite accurately stated in the second head-note, as follows:
"In an action to recover possession of a printing press sold by plaintiff
by conditional sale, which passed into the hands of a publishing com-
pany as an alleged innocent purchaser, declarations of the deceased
buyer are inadmissible to show that he received value from the publish-
ing company."

There was error in the admission of this evidence as above indicated. It was no more than statements, given by the witnesses, of what they profess to have heard the deceased say. This is not the kind of evidence to be sanctioned by our courts of justice, for the determination of the rights of litigants. *Satterwhite v. Hicks,* 44 N. C., 105; 22 C. J., 199. It could not be competent as a part of the *res gestœ;* the conversations were had long after the alleged transaction. A new trial must be awarded; and it is so ordered.

New trial.