JOHN STONE, JR., SUBSTITUTED PLAINTIFF FOR MOSES GRIMES, v. CICERO GUION, AMELIA GUION AND BUDDY GUION.

(Filed 8 January, 1943.)

**1. Appeal and Error § 49a—**

In a civil action to recover land, defendant claimed title by answer, alleging a parol contract with the plaintiff, to which a demurrer was sustained and affirmed on appeal to the Supreme Court. It appeared thereafter to the court that the *locus in quo* had, pending this action, been conveyed to another, who was thereupon substituted as plaintiff and defendant allowed to amend answer, which defendant did by setting up the identical defense already disposed of by demurrer on the former appeal. *Held:* Defense properly stricken out.

**2. Evidence § 42c—**

Where, in an action to recover lands and rents therefor, defendant in her answer admits her possession of the lands described in the complaint, refers to the same deeds and plot as alleged in the complaint and offered in evidence, admits that the description covers the lands in question, her assignment of error, based on plaintiff's failure to sufficiently describe the land, cannot be sustained.

**3. Evidence § 43a—**

The declarations of parties to suits are always admissible against, though not for, them.

**4. Ejectment § 15: Evidence § 42a—**

In an action to recover land, where plaintiff offered a chain of title to himself, and his predecessors in title, from a common source from which defendant asserts title, by deeds recorded and set out in his complaint, containing the same description of the *locus in quo* as is admitted in defendant's answer, a *prima facie* case for plaintiff is made out and defendant's motion to nonsuit was properly overruled. C. S., 567.

APPEAL by defendant Amelia Guion from *Bone, J.,* at June Term, 1942, of ROBESON.

With John Stone, Jr., substituted as plaintiff for Moses Grimes, this is the same action as was before us at the Fall Term, 1941, *Grimes v. Guion,* 220 N. C., 676, 18 S. E. (2d), 170.

This is a civil action to recover land and rents therefor and damages for waste committed thereon.

The plaintiff in his complaint alleges *inter alia* that he is the owner and entitled to the possession of a certain tract of land in Robeson County described in a deed from L. E. Whaley and wife to Cornelia Merrick Smith, and in a deed from Simon Peter Dunham and others, the children and heirs at law of Cornelia Merrick Smith, to Moses Grimes, and a deed from Moses Grimes to the plaintiff, John Stone, Jr.

This action was originally instituted by Moses Grimes and during the pendency thereof John Stone, Jr., was substituted as plaintiff upon it being made to appear to the court that Moses Grimes had conveyed the *locus in quo* to John Stone, Jr.

By the same order making John Stone, Jr., plaintiff, the defendant Amelia Guion was allowed to file amended answer. Amelia Guion filed answer and alleged that she was the owner of the *locus in quo* by reason of a parol contract between her and the original owner thereof, Cornelia Merrick Smith. This was the identical defense made and dismissed upon demurrer when the case was first before us. *Grimes v. Guion, supra.* Upon motion of the plaintiff this defense was stricken from the answer.

At the close of the evidence a judgment as in case of nonsuit was entered as to the defendants other than Amelia Guion.

The case was submitted to the jury upon the following issues: "1. Is the plaintiff John Stone, Jr., the owner and entitled to the immediate possession of the tract of land described in the complaint filed herein?" and "2. Is the defendant Amelia Guion in the unlawful possession of said tract of land?" Both issues were answered in the affirmative, and from judgment predicated on the verdict the defendant Amelia Guion appealed, assigning errors.

*F. D. Hackett* for plaintiff, appellee.
*L. J. Britt* and *McLean & Stacy* for defendant, appellant.

SCHENCK, J. The first exceptive assignment of error is to the court's striking out the defendant's alleged defense of a parol contract existing between the original owner, Cornelia Merrick Smith, and the defendant Amelia Guion, to convey the *locus in quo* to her. John Stone, Jr., having received a deed for the *locus in quo* from the original plaintiff, Moses Grimes, during the pendency of the suit, took such title thereto as Moses Grimes possessed, and with the knowledge that the defense sought to be interposed had been adjudicated adversely to the defendant. The issue raised by the filing of this defense having been adjudicated in the former appeal, the defense was very properly stricken out when attempted to be set up a second time.

The exceptive assignments of error based upon the contention that the plaintiff has failed to show sufficient description of the land which he

seeks to recover cannot be sustained, in view of the fact that the defendant in her original, and in her amended, answer admits that she entered into the possession of the lands described in the complaint and is in the possession of the same. The complaint contains the same description as is contained in the deeds to which these assignments of error are addressed, and refer to the same plat which is recorded in the office of the Register of Deeds of Robeson County. The defendant by reference in her pleadings to the description as contained in the complaint which is the same as the description contained in the deeds and plat offered in evidence admits that such description covers the lands which are the subject of this action.

The exceptive assignments of error based upon the admission in evidence of certain allegations contained in the defendant's original answer filed in this cause are untenable. " 'The declarations of parties to suits are always admissible evidence against, though not for, them.' " *Byrd v. Spruce Co.,* 170 N. C., 429, 87 S. E., 241.

The appealing defendant's demurrer to the evidence and motion for judgment as in case of nonsuit, C. S., 567, was properly overruled. The plaintiff offered a chain of title to himself and his predecessors in title from a common source from which the defendant asserts title, namely, Cornelia Merrick Smith. This chain of title consisted of a deed to John Stone, Jr., from Moses Grimes, the original plaintiff, a deed to Moses Grimes from Simon Peter Dunham and others, the children and the heirs at law of Cornelia Merrick Smith, deceased, and a deed to Cornelia Merrick Smith from L. E. Whaley and wife, all of which deeds were duly recorded in the registry of Robeson County and contained the same description as that contained in the complaint, and was the same description as that of the land of which the defendant admits in her answers she entered into the possession and remained therein. These deeds made out at least a *prima facie* case sufficient to be submitted to the jury, and, in the absence of any evidence to the contrary introduced by the defendant or otherwise, entitled the plaintiff to an instruction to the effect that if they found the facts to be as all of the evidence tended to show, or if they believed the evidence, they would answer the issues in favor of the plaintiff. *Roberts v. Dale,* 171 N. C., 466, 88 S. E., 778, and cases there cited.

If there was a conflict, and therefore error, in the first instruction of the court that the evidence of the plaintiff made out a *prima facie* case in his favor, and the subsequent instruction to the jury that "if you believe the evidence and find the facts to be as it tends to show, I instruct you to answer the issue, Yes," the error was harmless.

In the trial below we find

No error.