SOL WILLIAMS, ADMR., v. McCULLERS YOUNG ET AL.

(Filed 21 May, 1947.)

**1. Gifts § 1—**

Evidence that the owner gave intervener the property in dispute and that the gift was completed by delivery of the property to the donee *held* sufficient to support intervener's claim to the property by gift *inter vivos.*

**2. Evidence § 32—**

Where, in claim and delivery by an administrator, the replevin bond of defendant is superseded by a replevin bond given by intervener, the surety on the original bond has no pecuniary interest in the outcome of the action and is competent to testify for intervener as to a declaration made by decedent.

**3. Evidence § 43b—**

In an action in claim and delivery by an administrator, testimony by a disinterested witness as to a declaration made by decedent that the property in suit belonged to intervener, is competent as a declaration against interest.

**4. Evidence § 43a—**

In an action in claim and delivery by an administrator, testimony as to declaration made by deceased to the effect that she had "loaned" rather than "given" the property to intervener claiming by gift *inter vivos, is held* incompetent both on the ground that it is hearsay and on the ground that the declaration is self-serving.

**5. Appeal and Error § 6c (4)—**

Where the record fails to show what the witness' answer would have been if permitted to testify and the relevancy or materiality of the answer is not made apparent, assignment of error to the exclusion of the testimony cannot be sustained.

APPEAL by plaintiff from *Carr, J.,* at January Civil Term, 1947, of FRANKLIN.

Civil action in claim and delivery instituted by administrator against McCullers Young to recover cow and calf as property of the estate.

Lena Kearney Young, wife of the defendant, with leave of court, intervened, executed replevin bond, and alleged that she was the owner "in fee simple" of the property seized.

From an adverse verdict and judgment, the plaintiff appeals, assigning errors.

*G. M. Beam for plaintiff, appellant.*
*Yarborough & Yarborough for defendants, appellees.*

STACY, C. J. The plaintiff, administrator, is a son of Eliza Williams, who died 21 March, 1946. Lena Young is a granddaughter of the de-

ceased. It is admitted that the property in question, a cow and calf, was originally owned by the deceased. The intervener claims the property by gift *inter vivos* from her grandmother some fifteen months before her death.

There was evidence on behalf of the intervener tending to support her claim to the property by gift *inter vivos*. *Gross v. Smith,* 132 N. C., 604, 44 S. E., 111; *Patterson v. Trust Co.,* 157 N. C., 13, 72 S. E., 629. Lenora Foster, a disinterested witness, testified that she was present and heard the deceased say: "Lena you can have my cow." They were then at the home of Sol Williams. "The cow was there too. . . . I didn't hear her say anything about lending the cow to Lena." . The gift was completed by delivery of the property to the donee. *Parker v. Mott,* 181 N. C., 435, 107 S. E., 500, and cases there cited.

Another witness for the intervener was her father-in-law, J. C. Young, who was surety on the first replevin bond given by McCullers Young. This bond, however, had been superseded by the later replevin bond given by the intervener. His testimony was to the effect that just prior to the marriage of his son to the intervener, he heard the deceased say "the cow belonged to Lena." The ruling that the interest of the witness did not disqualify him to speak in the case would seem to be correct. *Cf. Mason v. McCormick,* 75 N. C., 263. In no event could McCullers Young and the surety on his bond be held liable for the return of the property or for costs. He had no pecuniary interest in the matter. The evidence is competent as a declaration against interest. *Smith v. Moore,* 142 N. C., 277, 55 S. E., 275. The exception is not sustained.

The plaintiff offered to show by Charlie Spivey that he heard the deceased say, only a few days before her death, "that she loaned the cow to Lena so she could have milk and butter for her two children." On objection this evidence was excluded. The plaintiff excepts and has pressed the exception with vigor. The ruling is supported by a number of decisions. In the first place, it is hearsay, *Chandler v. Marshall,* 189 N. C., 301, 126 S. E., 742; and, secondly, it is self-serving. *Barker v. Ins. Co.,* 163 N. C., 175, 79 S. E., 424. There was no error in its exclusion.

While on the witness stand, the administrator was asked whether any claims had been filed against the estate. An objection to the question was interposed and sustained. The record does not show what the answer would have been. *In re Smith's Will,* 163 N. C., 464, 79 S. E., 977. Nor is its relevancy or materiality apparent. The assignment cannot be sustained.

Perhaps it should be mentioned, as worthy of preservation, that the intervener alleges she is the owner "in fee simple" of the cow and calf in question. The quality of her title, however, was not determined on the hearing as the jury only found the plaintiff was not the owner.

A careful perusal of the entire record leaves us with the impression that no reversible error has been made to appear. Hence, the verdict and judgment will be upheld.

No error.