WILSON COUNTY BOARD OF EDUCATION v. BESSIE H. LAMM, WIDOW; VIRGINIA LAMM HAYES AND HUSBAND, J. F. HAYES; JACK F. HAYES, A MINOR; TEMPIE ANN HAYES, A MINOR; JACK THOMAS HAYES, A MINOR; THE FREE WILL BAPTIST CHILDREN'S HOME, INC.; AND ALL PERSONS NOT IN BEING WHO MAY BY ANY CONTINGENCY OWN OR ACQUIRE ANY INTEREST IN THE LANDS CONSTITUTING THE SUBJECT MATTER OF THIS ACTION BY REASON OF THE LAST WILL AND TESTAMENT OF GROVER T. LAMM, DECEASED

No. 30

(Filed 15 April 1970)

**1. Adverse Possession § 1—  open and notorious possession**

A plaintiff can acquire title by adverse possession only if the possession is open, notorious, and adverse.

**2. Adverse Possession § 2—  permissive use — disclaimer by user — notice to owner**

If a plaintiff enters into possession with the permission of the owner,

such possession is not adverse unless and until the plaintiff disclaims such arrangement and makes the owner aware of such disclaimer, or disclaims the arrangement in such manner as to put the owner on notice that the plaintiff is no longer using the land by permission but is claiming it as absolute owner.

**3. Adverse Possession § 24; Evidence §§ 35, 36— action to quiet title to school property — admissions by school board — competency**

In an action by a county board of education to quiet title to property used as a school site since 1923, the board claiming title by adverse possession, defendants' evidence of statements made by a member of the board, while presiding over the meeting to select a site, that the owner was "giving the site for as long as it was a school" and "that's as long as we want it," *is held* admissible, since the statements were competent as an admission of the board and as a declaration accompanying the act of taking possession of the property.

**4. Adverse Possession § 24; Evidence § 34— quieting title to school property — owner's declarations against interest — self-serving declaration**

In an action by a board of education to quiet title to school property, defendants' evidence that, prior to the time school buildings were constructed on the property, the owner in fee of the property, now deceased, had stated that he was allowing the board of education to use the property as long as it was needed for school purposes and that the property would go back to him or his estate when the school use was discontinued, *held* admissible as a declaration against interest by the owner; but the owner's statement to the same effect years after the school buildings had been constructed was a self-serving declaration and should have been excluded, although its admission was not prejudicial in this case.

**5. Evidence § 34— declarations against interest**

Declarations against interest are admissible when (1) the declarant is dead, (2) the declaration is against a known proprietary interest, (3) the declarant has competent knowledge of the fact declared, and (4) the declarant has no probable motive to falsify the fact declared.

**6. Appeal and Error § 48— harmless error in admission of evidence**

Not every erroneous ruling on the admissibility of evidence will result in a new trial; the burden is on the appellant not only to show error but to enable the court to see that he was prejudiced or the verdict of the jury probably influenced thereby.

**7. Appeal and Error § 48— admission of incompetent evidence — harmless error**

The admission of incompetent testimony will not be held prejudicial when its import is abundantly established by other competent testimony, or the testimony is merely cumulative or corroborative.

**8. Evidence § 34— offer to compromise or settle claim — admissibility**

Ordinarily, evidence of an offer to compromise or settle a disputed claim will not be admitted.

**9. Evidence § 34— what constitutes a compromise**

An offer to compromise necessarily implies an existing dispute, a claim to be adjusted, or a controversy to be settled.

**10. Evidence § 34— action to quiet title — evidence not amounting to an offer to compromise — harmless error**

In an action by a board of education to quiet title to property used as a school site since 1923, the board was not prejudiced by testimony of its former superintendent that upon his discovery in 1947 that the board did not have title to the property he discussed with the owner's widow the possibility of securing fee title to the property, since the testimony did not amount to evidence of an offer to compromise.

LAKE, J., dissents.

ON *certiorari* to the Court of Appeals to review its decision reported in 6 N.C. App. 656, 171 S.E. 2d 48, upholding the judgment of *Bone, J.,* at the March 1969 Civil Session, WILSON Superior Court.

Plaintiff brought this action against the devisees of Grover T. Lamm, deceased, to quiet title to a tract of land in Wilson County which has been used by the plaintiff as a school site since 1923. The complaint alleges: Prior to 1922 Grover T. Lamm was the owner in fee of the land in question; in 1922 he put the plaintiff into possession as owner, and the plaintiff has been in open, notorious, adverse, and continued possession of said land under known and visible lines and boundaries, as owner, for more than forty-three years. Plaintiff prays that it be declared the owner in fee of this land free of all claims of the defendants. The defendants deny that Grover T. Lamm put the plaintiff into possession as owner and alleged plaintiff was put into possession under an agreement with Lamm which permitted plaintiff to use said land so long as it was used for school purposes, and provided that when it ceased to be so used the land would revert to Lamm or his heirs.

Plaintiff offered evidence which tended to show: In August, 1922 the plaintiff let a contract for the construction of a school building, a pump house, and teacherage on the lot in question. The buildings were completed and first used in the fall of 1923, and since that time have been continuously used by the plaintiff for school purposes and have been maintained like all other school buildings belonging to the plaintiff, except in recent years the teacherage has been rented to private individuals not connected with the school. The rent for the teacherage has been paid to the plaintiff.

The defendants over plaintiff's objection offered testimony which tended to show that Grover T. Lamm made oral statements to the effect that he gave the plaintiff permission to use the land in contro-

versy so long as it was used as a school site, and when it ceased to be so used it would go back to him or his estate. Such statements were made both before and after the plaintiff occupied the premises. This testimony will be discussed more fully in the opinion.

Issues were submitted to and answered by the jury as follows:

"1. Is the plaintiff the fee simple owner of the lands described in the Complaint as amended?

"ANSWER: No.

"2. If so, does the claim of the defendants constitute a cloud on the plaintiff's title?

"ANSWER: ... ........"

Judgment was entered on the verdict in favor of the defendants, and plaintiff appealed to the Court of Appeals which found no error. We allowed *certiorari* on 3 February 1970.

*Connor, Lee, Connor & Reece by Cyrus F. Lee and David M. Connor for plaintiff appellant.*

*Lucas, Rand, Rose, Meyer & Jones by David S. Orcutt and Louis B. Meyer for defendant appellees.*

MOORE, J.

Plaintiff claims title by adverse possession for more than twenty years (G.S. 1-40). Defendants admit plaintiff's possession but contend that it was not adverse but was a permissive possession which was to cease when the property was no longer used for school purposes.

[1] The trial judge correctly charged the jury that plaintiff could acquire title by adverse possession only if the possession was open, notorious, and adverse. In *Locklear v. Savage*, 159 N.C. 236, 74 S.E. 347, adverse possession is defined as follows:

". . . It consists in actual possession, with an intent to hold solely for the possessor to the exclusion of others, and is denoted by the exercise of acts of dominion over the land, in making the ordinary use and taking the ordinary profits of which it is susceptible in its present state, such acts to be so repeated as to show that they are done in the character of owner, in opposition to right or claim of any other person, and not merely as an occasional trespasser. It must be decided and notorious as the nature of the land will permit, affording un-

equivocal indication to all persons that he is exercising thereon the dominion of owner."

Accord: *State v. Brooks*, 275 N.C. 175, 166 S.E. 2d 70.

[2]    The trial court further correctly charged the jury if the plaintiff entered into possession with the permission of the owner such possession would not be adverse unless and until the plaintiff disclaimed such arrangement and made the owner aware of such disclaimer or disclaimed the arrangement in such manner as to put the owner on notice that the plaintiff was no longer using the land by permission but was claiming it as absolute owner. *Morehead v. Harris*, 262 N.C. 330, 137 S.E. 2d 174; *Graves v. Causey*, 170 N.C. 175, 83 S.E. 1030.

Plaintiff challenges certain testimony offered by the defendants and admitted over the objections of the plaintiff.

[3]    J. Walter Harrison, witness for defendants, testified that about 1919 he attended a meeting presided over by E. J. Barnes and held at Lamm's Store for the purpose of selecting a site for a new school. Over plaintiff's objection, Harrison was permitted to testify as follows:

"Q. Did Mr. Barnes indicate at that meeting the selection of the site for Lamm's School?

"A. Yes.

"Q. And did he make any statement with regard to how the land for Lamm's School site was obtained?

"A. Yes sir.

"Q. What statement did he make?

"A. That question was raised several times. When they were asking about where the site was going to be, he showed it to them. It was right there in sight of the store, right in sight of where the school is now. And he told them that Mr. Lamm was giving the site for as long as it was a school. He said, 'After all, that's as long as we want it. What do we want with it if we don't have any school here?' "

Plaintiff contends the admission of this testimony was error. We think not. Barnes was a member of the Board of Education and was present and presiding over a meeting called to select a school site. As such he was speaking for the Board. His statement under such circumstances was competent as an admission of the Board. *Stone v. Guion*, 222 N.C. 548, 23 S.E. 2d 907; *McRainy v. Clark*, 4 N.C.

698; Stansbury, N. C. Evidence § 167 (2d ed. 1963). This statement by Barnes would also be competent as accompanying or characterizing the act of taking possession of the property. Stansbury, N. C. Evidence § 159 (2d ed. 1963). This assignment of error is overruled.

**[4, 5]**  Plaintiff also contends the testimony of the defense witnesses Simpson and Peele was incompetent. These witnesses testified that prior to the time the school buildings were constructed they heard Grover Lamm make statements to the effect that he was allowing plaintiff to use the property so long as it was needed for school purposes, and then it was to return to him or his estate. At that time Lamm was the undisputed owner in fee but by these statements he conceded plaintiff had the right to go on the land, construct school buildings, and use the land for school purposes as long as it desired. This placed a definite limitation on his title and was clearly a declaration against his interest. 5 Wigmore, Evidence § 1458 (3rd ed. 1940); Stansbury, N. C. Evidence § 147 (2d ed. 1963). Declarations against interest are held admissible in North Carolina when (1) the declarant is dead, (2) the declaration is against a known proprietary interest, (3) the declarant has competent knowledge of the fact declared, and (4) declarant has no probable motive to falsify the fact declared. *Carr v. Bizzell*, 192 N.C. 212, 134 S.E. 462; *Roe v. Journegan*, 175 N.C. 261, 95 S.E. 495; Stansbury, N. C. Evidence § 147 (2d ed. 1963). Lamm died in 1952. As the record owner in possession of the property, he had competent knowledge concerning the use of the land, and since by his statements he was placing a limitation on his title, he at that time had no real motive to falsify the nature of this arrangement with the plaintiff. This testimony was properly admitted.

**[4]**  Plaintiff next assigns as error the admission of testimony by defense witnesses Moore and Jones relating to statements made by Lamm years after the plaintiff had constructed the buildings and had taken possession of the property in question. Statements made by Lamm at that time concerning his purported agreement with the plaintiff would be self-serving and should have been excluded. *Gouldin v. Insurance Co.*, 248 N.C. 161, 102 S.E. 2d 846; *Williams v. Young*, 227 N.C. 472, 42 S.E. 2d 592; Stansbury, N. C. Evidence § 140 (2d ed. 1963).

**[6, 7]**  Not every erroneous ruling on the admissibility of evidence, however, will result in a new trial. The burden is on the appellant not only to show error but to enable the court to see that he was prejudiced or the verdict of the jury probably influenced thereby.

*Hunt v. Wooten,* 238 N.C. 42, 76 S.E. 2d 326; Stansbury, N. C. Evidence § 9 (2d ed. 1963). The admission of incompetent testimony will not be held prejudicial when its import is abundantly established by other competent testimony, or the testimony is merely cumulative or corroborative. *Bullin v. Moore,* 256 N.C. 82, 122 S.E. 2d 765; *Town of Belhaven v. Hodges,* 226 N.C. 485, 39 S.E. 2d 366; *Carpenter, Solicitor v. Boyles,* 213 N.C. 432, 196 S.E. 850. The testimony of defense witnesses Harrison, Simpson and Peele concerning the same or similar statements made by Lamm was properly admitted. We therefore hold that the admission of similar testimony from the witnesses Moore and Jones was not such error as to require a new trial.

**[8-10]** Plaintiff also assigns as error the testimony of H. D. Browning, Superintendent of Schools and Secretary of the Board from 1945 to 1967, who testified that in 1947 he first discovered that the plaintiff had no deed for the property in question. Over plaintiff's objection he was allowed to testify:

"In 1961 or thereabouts I paid a visit to Mrs. Bessie Lamm at her home at Lamm's Crossroads.

"Q. And did you at that time offer to purchase the Lamm's School site from Mrs. Bessie Lamm and Virginia Lamm Hayes?

"A. Well I don't know if it would be an offer to purchase. I called on Mrs. Lamm to discuss with her, as I remember it, the possibility of securing a fee title to the Lamm's School site. And in the conversation, I think I told Mrs. Lamm that I wasn't speaking for the Board but I was thinking it would be only fair to reimburse the family for about the same cost as the Board paid for the Sims and New Hope schools at the time they were purchased. It was all about the same time."

Plaintiff contends this testimony constituted an offer to compromise and as such should have been excluded. Ordinarily, evidence of an offer to compromise or settle a disputed claim will not be admitted. *Stein v. Levins,* 205 N.C. 302, 171 S.E. 96; Annot., 15 A.L.R. 3d 13 (1967). But an offer to compromise necessarily implies an existing dispute, a claim to be adjusted, or a controversy to be settled. Such was not the case here. When Browning called on Mrs. Lamm, plaintiff had been in possession of the land in question for more than twenty years, and the defendants were not then seeking to disturb that possession. There was no dispute between the parties at that time. Even had there been a dispute, Browning's statement was too vague and too indefinite to constitute an offer. At most he was

simply exploring possibilities. As stated in *Lumber Co. v. Cedar Works*, 168 N.C. 344, 84 S.E. 523, 1917B Ann. Cas. 992:

> ". . . A party is not bound to admit, and does not necessarily admit, title in another because he prefers to get rid of that other's claim by purchasing it. He has a right to quiet his possession and protect himself from litigation in any lawful mode that appears to him most advantageous or desirable. To hold otherwise would compel him to litigate adverse claims, or, by buying one, forego any right to claim the benefit of the statute of limitations as to all others. The acts and declarations of the possessor may, doubtless, be given in evidence with a view of showing the character of his claim, but whether the possession is adverse or not is a question for the jury to determine upon all the evidence."

This assignment of error is overruled.

Other assignments of error made by the plaintiff have been carefully considered but as they were adequately treated in the opinion of Britt, J., of the Court of Appeals, no further discussion is deemed necessary. The plaintiff simply failed to establish title by adverse possession, and no error of law requiring a new trial has been made to appear. The decision of the Court of Appeals is therefore

Affirmed.

LAKE, J., dissents.