STATE OF NORTH CAROLINA v. NICHOLO HARVEY

No. 762SC333

(Filed 3 November 1976)

1. Criminal Law § 66— illegal lineup — in-court identification — independent origin

The evidence on *voir dire* supported the trial court's determination that a robbery victim's in-court identification of defendant was of independent origin and not tainted by his identification of defendant at an illegal lineup where it showed that the witness saw defendant at close range for ten minutes in a well-lighted area; therefore, the in-court identification was properly admitted in evidence.

2. Criminal Law § 66— cross-examination about illegal lineup — harmless error

A lineup at which defendant was identified by a robbery victim was improperly conducted where officers failed to advise defendant of his right to have counsel present at the lineup, and the trial court erred in permitting the district attorney to cross-examine defendant about his lineup identification by the robbery victim; however, such error was harmless beyond a reasonable doubt where there was overwhelming competent evidence of defendant's guilt of the robbery.

APPEAL by defendant from *Webb, Judge.* Judgment entered 29 January 1976 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 31 August 1976.

Defendant was indicted and tried for armed robbery. The State offered evidence tending to show that on 25 February 1975 William M. Hodges was the operator of the Travel Land Motel in Washington. At about 1:00 a.m. on that date the door bell rang and he unlocked the door and let in a man who wanted a room. While the man was in the process of registering, Hodges went to the door to see what was causing a dog to bark and as he opened the door he faced the defendant who was standing there with a shotgun. The defendant forced him to return to the office counter and, at the point of a gun, made him open the cash drawer from which defendant took over $223.00.

Defendant testified that he did not rob the Travel Land Motel and that on the night of the alleged robbery he was nowhere near the motel; that he could remember his whereabouts at the time of the robbery because he had recently been released from the Navy and had only arrived in Washington on the 23rd of February; that on the night of February 24, he went to the home of Margie Wright at 7:00 p.m. and that he stayed there until the following day. The defendant also said that the Travel Land Motel " . . . is not too far from where Margie Wright lives." The defendant's mother testified that "other than the sentence he is serving" her son had never previously been convicted of any crime. She did not know where her son was on the night of the robbery because there were a lot of times that she did not know where he was.

From a verdict of guilty of armed robbery and a prison sentence imposed thereon, the defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis, for the State.*

*Carter, Archie & Grimes, by Samuel G. Grimes, for defendant.*

MARTIN, Judge.

Defendant contends the court erred in allowing the in-court identification of the defendant by Mr. Hodges.

[1] Before Hodges' identification testimony was admitted in evidence, a *voir dire* hearing was held to determine its admissibility. *State v. Accor* and *State v. Moore*, 277 N.C. 65, 175 S.E. 2d 583 (1970). On *voir dire* the State offered evidence tending to show that Hodges observed defendant for about ten minutes

during the robbery, and that the motel was brightly lighted. On 26 February 1975, after defendant had been arrested, Hodges observed him in a lineup and identified him as one of the robbers. After his arrest and prior to the lineup defendant was given the *Miranda* warning, but he was not specifically told that he had a right to have counsel at the lineup. The court held that evidence of the lineup would not be admitted, but Hodges' in-court identification testimony would be admitted. It found that Hodges' " . . . in-court identification of the defendant is of independent origin and is not tainted by any out-of-court observation of the defendant or by any other thing."

Where such findings are supported by competent evidence, they are conclusive on appellate courts. In a ruling on this point, the North Carolina Supreme Court has stated:

"When the admissibility of in-court identification testimony is challenged on the ground it is tainted by out-of-court identification(s) made under constitutionally impermissible circumstances, the trial judge must make findings as to the background facts to determine whether the proffered testimony meets the tests of admissibility. When the facts so found are supported by competent evidence, they are conclusive on appellate courts." (Citations omitted.) *State v. Tuggle,* 284 N.C. 515, 520, 201 S.E. 2d 884, 887 (1974).

In the present case, there was ample competent evidence to support the court's finding that Hodges' identification was independent of anything which occurred at the lineup. The evidence before the trial judge showed that the witness saw the defendant at close range for a period of ten minutes in a well-lighted area and he had ample opportunity to observe the defendant.

The trial court's finding that the witness's identification was independent of anything which occurred at the lineup being supported by competent evidence, the in-court identification testimony was competent and admissible. Defendant's first assignment of error is therefore overruled.

Defendant next contends the trial court erred by allowing the State to cross-examine the defendant about his lineup identification by Hodges.

[2] The trial record reveals that the defendant's lineup was improperly conducted because of the failure of the law enforce-

ment officers to specifically advise the defendant of his right to have counsel present at the lineup. Moreover, there is no evidence that the defendant had knowledge of or had waived his right to have counsel present at the lineup. See *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971). In ruling on this point, the trial judge in the instant case stated that he would disallow any evidence as to the identification lineup itself but he found that the in-court identification was of independent origin and not tainted. It was therefore improper for the district attorney to cross-examine the defendant about his lineup identification by Hodges, direct evidence about the lineup by Hodges having been excluded by the court.

Even though the trial judge erred in allowing the State to cross-examine the defendant about the lineup identification, it is evident that some errors are harmless and not every erroneous ruling on the admissibility of evidence will result in the obtaining of a new trial. See *Harrington v. California,* 395 U.S. 250, 23 L.Ed. 2d 284, 89 S.Ct. 1726 (1969); *Chapman v. California,* 386 U.S. 18, 17 L.Ed. 2d 705, 87 S.Ct. 824 (1967); *Board of Education v. Lamm,* 276 N.C. 487, 173 S.E. 2d 281 (1970); 1 Stansbury, N. C. Evidence, § 9, (Brandis Rev. 1973).

The test for harmless error is whether the evidence which was admitted would, if excluded, have changed the result of the trial. See 1 Stansbury, N. C. Evidence, *supra.* On this same point, the North Carolina Supreme Court has stated that the " . . . test of harmless error is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." (Citation omitted.) *State v. Thacker,* 281 N.C. 447, 455, 189 S.E. 2d 145, 150 (1972).

In the case at bar, we do not think that the admission on cross-examination of the defendant's testimony concerning the lineup identification contributed to his conviction and we believe that its admission was harmless beyond a reasonable doubt. See *State v. Thacker, supra.* Even if the questions addressed to the defendant concerning the lineup had been excluded, there was still overwhelming evidence from which a jury could find that the defendant was guilty as charged. This assignment of error is therefore overruled.

We have carefully considered the defendant's remaining assignments of error and find them to be without merit.

Defendant had a fair trial free of prejudicial error.

No error.

Judges BRITT and HEDRICK concur.